In Re: Seidel et al. v. Hudson Clean Energy Enterprises, LLC et al.
Case No. 22-31641-mvl7
Adv. No. 23-03090–mvl

## SUMMONS SERVICE EXECUTED

I, __Conor White__ of** __Munsch Hardt Kopf & Harr, P.C.__

certify:

     That I am, and at all times hereinafter mentioned was, more than 18 years of age;

     That on the __9th__ day of __November, 2023__, I served a copy of the summons, notice to litigants, and scheduling order attached hereto, together with the complaint filed in this proceeding, on:

        Hudson Clean Energy Enterprises, LLC

        Alliance Texas Holdings, LLC

        Neil Z. Auerbach

        Judith Auerbach

        Auerbach Partners, L.P.

        Auerbach Children's Dynasty Trust u/a/d October 9, 2012

        Auerbach Family Dynasty Trust u/a/d October 9, 2012

        James E. Goodman

        James Frinzi

        Goodman Investment Holdings, LLC

        Genesis, Inc.

        Genesis Networks Global Services, LLC

the defendants in this proceeding, by

        U.S. mail first class, postage prepaid – and – U.S. certified mail, postage prepaid, return receipt requested

the said defendants at:

Hudson Clean Energy Enterprises, LLC
c/o Cogency Global Inc., Registered Agent
850 New Burton Road, Suite 201
Dover, DE 19904

Alliance Texas Holdings, LLC
c/o Steven Zakharyayev, Manager
8 South Main Street
P.O. Box 342
Marlboro, NJ 07746

Neil Z. Auerbach
50 Lawrence Ave.
Lawrence, NY 11559

Auerbach Partners, L.P.
c/o Auerbach Children's Dynasty Trust u/a/d October 9, 2012,
General Partner
c/o Neil A. Auerbach and Judith Auerbach, Trustees
50 Lawrence Ave.
Lawrence, NY 11559

Auerbach Children's Dynasty Trust u/a/d October 9, 20012
c/o Neil A. Auerbach and Judith Auerbach, Trustees
50 Lawrence Ave.
Lawrence, NY 11559

Auerbach Family Dynasty Trust u/a/d Octber 9, 2012
Judith Auerbach, 50 Lawrence Ave.
Lawrence, NY 11559

James E. Goodman
Genesis Networks
1354 N. Loop 1604 E, Suite 103
San Antonio, TX 78232

James Frinzi
9204 Eddy Cove
Austin, TX 78735

Goodman Investment Holdings, LLC
c/o Blakely L. Fernandez, Registered Agent
300 Convent Street, Suite 2
San Antonio, TX 78205

    Genesis, Inc.
    c/o James E. Goodman, Manager and Director
    103 Tomahawk Trail
    San Antonio, TX 78232

    Genesis Networks Global Services, LLC
    c/o Wilburn R. Deahl, Registered Agent
    309 Hilton Drive
    Cibolo, TX 78108

I certify under penalty of perjury that the foregoing is true and correct.

    Executed on   November 16, 2023           */s/ Conor White*
                 *(Date)*                                Conor P. White, Esq.

    ** 500 N. Akard St., Ste. 4000, Dallas, TX 75201
       *State mailing address*

BTXN 117a (rev. 10/02)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re: §
Goodman Networks, Inc. and Goodman Networks Inc §
d/b/a Goodman Solutions §
§ Case No.: 22−31641−mvl7
Debtor(s) § Chapter No.: 7
§
Scott Seidel §
Plaintiff(s) § Adversary No.: 23−03090−mvl
vs. §
Hudson Clean Energy Enterprises, LLC; Alliance Texas §
Holdings, LLC; Neil Z. Auerbach; Judith Auerbach; §
Auerbach Partners, L.P.; James Goodman; James Frinzi; §
Goodman Investment Holdings, LLC; Genesis §
Networks, Inc.; Genesis Networks Global Services, §
LLC; Auerbach Childrens Dynasty Trust u/a/d October
9, 2012, Auerbach Trust 1; and Auerbach Family
Dynasty Trust u/a/d October 9, 2012, Auerbach Trust 2
Defendant(s)

# SUMMONS IN AN ADVERSARY PROCEEDING

To the above−named defendant:

You are hereby summoned and required to serve upon **Davor Rukavina**, Plaintiff's attorney (or if Plaintiff is not represented by counsel, upon Plaintiff), whose address is **Munsch, Hardt, Kopf & Harr**
**500 N. Akard Street, Ste 3800**
**Dallas, TX 75201−6659** , either a motion or an answer to the complaint which is now served upon you. If you elect to respond first by motion, as you may pursuant to Fed. R. Bankr. P. 7012, that governs the time within which your answer must be served. Otherwise, you are required to serve your answer upon Plaintiff's attorney (or upon Plaintiff if Plaintiff is not represented by counsel) within 30 days of the date of issuance of this summons by the clerk (or by the following date prescribed by the court: N/A) except that the United States or an office or agency thereof shall serve an answer to the complaint within 35 days after the date of issuance of the summons.

*{If this summons and complaint is served in a foreign country}* Service of your answer must be made by the following date prescribed by the court N/A.

The motion or answer served by you must be filed with this court before service or within a reasonable time after service. **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

DATED: 11/8/23              FOR THE COURT:
                            Robert P. Colwell, Clerk of Court

                            by: /s/D. Harden, Deputy Clerk



BTXN 117n (rev. 02/2015)

> **A copy of this *Notice to Litigants* should be served on the defendant along with the Summons and Complaint.**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS

# NOTICE TO LITIGANTS

**You have been named as a defendant in an adversary proceeding, the outcome of which could affect your bankruptcy discharge. Even if you have already received a discharge, this is a serious matter that you should not ignore.**

Individual litigants are entitled to appear without an attorney and represent themselves in the Bankruptcy Court. However, the rules can be quite technical and failure to comply with the rules can have severe consequences. Before deciding to appear on your own, you should consider consulting an attorney. If you were represented in your chapter 7 or 13 bankruptcy case by counsel, you should notify that attorney that you have been named as a defendant.

If you cannot afford an attorney, you may be eligible for free legal representation through Legal Aid of NorthWest Texas (LANWT) or the Dallas Volunteer Attorney Program (DVAP). To determine if you are eligible, you must apply for legal representation at a regularly−scheduled neighborhood legal clinic. In addition, if you were recently represented by an attorney in a chapter 7 or 13 case, you should notify that attorney immediately.

Upon application at a neighborhood legal clinic, you will be screened for eligibility based on your current income and the availability of any other assets to pay for legal services. If it is determined that you are eligible, an attorney may be found who will represent you without payment of attorneys' fees. Please note that, even if you are eligible, you may still be responsible for the payment of costs, such as court reporter fees, deposition transcripts, court transcripts, postage and copies.

On the last page of this notice, you will find a list of neighborhood legal clinics, their locations, and the times they meet. When you make contact with DVAP or LANWT, please have your copy of the summons and complaint with you, as well as a copy of any *Schedule of Assets and Liabilities and Statement of Financial Affairs* filed in your bankruptcy case.

# Neighborhood Legal Clinics

**EAST DALLAS**
1st & 3rd Thursdays at 5:00 pm
Grace United Methodist Church
4105 Junius at Haskell
Dallas, TX 75246

**SOUTH DALLAS**
1st, 2nd and 4th Tuesdays at 5:00 pm
Martin Luther King, Jr. Center
Core Services Building,
2922 Martin Luther King Blvd.,
Room 122
Dallas, Texas 75215

**FRIENDSHIP WEST BAPTIST CHURCH**
3rd Wednesday at 5:30 pm
2020 West Wheatland Road
Dallas, Texas 75232

**TRIANGLE NEIGHBORHOOD**
3rd Tuesdays at 5:00 pm
(excluding summer)
St. Phillip.s Community Center
1600 Pennsylvania Avenue
Dallas, Texas 75215

**WEST DALLAS**
2nd & 4th Thursdays at 5:00 pm
Wesley–Rankin
Community Center
3107 N. Winnetka
Dallas, Texas 75212

**GARLAND**
3rd Thursday at 5:00 pm
(excluding December)
Salvation Army
Downtown Garland
457 W. Avenue D
Garland, Texas 75040

**FORT WORTH**
3rd Tuesday at 5:00 pm
(excluding December)
Legal Aid of NorthWest Texas
600 E. Weatherford St
Fort Worth, TX 76102

---

**PLEASE TAKE NOTE**

Clinics may be cancelled because of bad weather, federal holidays, or during elections. To confirm that a clinic will occur as scheduled, contact (214) 243–2247 for Dallas or Garland clinics, or (800) 955–3959 for Fort Worth clinics.

Please bring proof of income and residency, as well as a copy of the *Schedule of Assets and Liabilities and Statement of Financial Affairs* filed in your bankruptcy case and the summons and complaint. If you have been sued, please bring your legal documents.

BTXN 090 (rev. 12/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re:<br>Goodman Networks, Inc. and Goodman Networks Inc<br>d/b/a Goodman Solutions | §<br>§<br>§<br>§ | Case No.: 22–31641–mvl7 |
| Debtor(s) | § | Chapter No.: 7 |
| Scott Seidel | § | |
| Plaintiff(s) | § | Adversary No.: 23–03090–mvl |
| vs. | § | |
| Hudson Clean Energy Enterprises, LLC et al. | § | |
| Defendant(s) | § | |

# ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Michelle V. Larson** at **Courtroom #2, 14th Floor, 1100 Commerce Street, Dallas, Texas** the week of **April 8, 2024**. Docket call for this trial will be held on **April 2, 2024** at **1:15 P.M.** at **Courtroom #2, 14th Floor, 1100 Commerce Street, Dallas, Texas**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

## PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within seven (7) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within fourteen (14) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty–sixth day following the entry of this Order.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty–five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

## PART III: ALTERNATIVE SCHEDULING ORDER

The Court directs compliance with the following schedule:

1. Discovery must be completed forty–five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fourteen (14) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty–five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED:  11/8/23                    FOR THE COURT:
                                   Robert P. Colwell, Clerk of Court

                                   by: /s/D. Harden, Deputy Clerk