Randall A. Pulman
State Bar No. 16393250
Leslie Sara Hyman
State Bar No. 00798274
Anna K. MacFarlane
State Bar No. 24116701
**PULMAN CAPPUCCIO & PULLEN, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
lhyman@pulmanlaw.com
amacfarlane@pulmanlaw.com

**COUNSEL FOR THE GOODMAN DEFENDANTS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-31641-MVL-7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC; | § | ADVERSARY NO. 23-03090-MVL |
| ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. | § | |
| AUERBACH; JUDITH AUERBACH; AUERBACH | § | |
| PARTNERS, L.P.; JAMES GOODMAN; JAMES | § | |
| FRINZI; GOODMAN INVESTMENT HOLDINGS, | § | |
| LLC; GENESIS NETWORKS, INC.; GENESIS | § | |
| NETWORKS GLOBAL SERVICES, LLC; | § | |
| AUERBACH CHILDREN'S DYNASTY TRUST U/A/D | § | |
| OCTOBER 9, 2012; AND AUERBACH FAMILY | § | |
| DYNASTY TRUST U/A/D OCTOBER 9, 2012 | § | |
| DEFENDANTS | § | |

**DEFENDANTS JAMES GOODMAN, GOODMAN INVESTMENT HOLDINGS, LLC,
GENESIS NETWORKS, INC., AND GENESIS NETWORKS GLOBAL SERVICES, LLC'S
ANSWER TO ORIGINAL COMPLAINT**

1

COME NOW Defendants James Goodman ("**J. E. Goodman**"[1]), Goodman Investment Holdings, LLC ("**GIH**"), Genesis Networks, Inc. ("**GNI**"), and Genesis Networks Global Services, LLC ("**GNBS**" and collectively with GIH, and GNI, the "**Goodman Entity Defendants**") (J.E. Goodman and the Goodman Entity Defendants are collectively referred to herein as the "**Goodman Defendants**") and file this, their Answer to Original Complaint (the "**Complaint**") responding to the paragraphs of the Complaint as numbered therein.

## I. INTRODUCTION

1. Goodman Defendants deny the allegations in the first sentence of Paragraph 1. Goodman Defendants admit that J. E. Goodman owned the Debtor's bonds but deny that the bonds could not and would not be repaid. Goodman Defendants deny the allegations in the third sentence of Paragraph 1. Goodman Defendants admit that J.E. Goodman and Neil Z. Auerbach ("Auerbach") entered into an agreement as to the bonds but lack sufficient knowledge to admit or deny the remaining allegations in sentence four of Paragraph 1. Goodman Defendants lack sufficient knowledge to admit or deny sentences 5 and 6 of Paragraph 1. Goodman Defendants admit that J.E. Goodman received $11 million but lack sufficient knowledge to admit or deny the remaining allegations in sentence 7 of Paragraph 1. Goodman Defendants admit that the Trustee has filed this action seeking to avoid transactions and obtain monetary and other relief. Goodman Defendants deny that a civil lawsuit is intended to hold parties accountable and deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants.

## II. PROCEDURAL BACKGROUND

2. Goodman Defendants admit the allegations in Paragraph 2.

---

[1] James Goodman's full name is James E. Goodman. Because Mr. Goodman has brothers who were involved with the Debtor and whose first names also start with the letter "J", for the sake of clarity the Goodman Defendants refer to James Goodman as J.E. Goodman in this answer.

3. Goodman Defendants admit the allegations in Paragraph 3.

4. Goodman Defendants admit the allegations in Paragraph 4.

5. Goodman Defendants admit that the Court has jurisdiction over this adversary proceeding. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 8. Goodman Defendants do not consent to the entry of final orders in this adversary proceeding.

6. Goodman Defendants admit that venue is proper in this Court.

## II. [SIC] PARTIES

7. Goodman Defendants admit the allegations in Paragraph 7.

8. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 9.

10. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 10.

11. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 11.

12. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13.

14. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 14.

4876-9732-3922, v. 2 / 6514.005

15. Goodman Defendants admit the allegations in Paragraph 15.

16. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 16.

17. Goodman Defendants admit the allegations in Paragraph 17.

18. Goodman Defendants admit the allegations in Paragraph 18.

19. Goodman Defendants admit the allegations in Paragraph 19.

20. Paragraph 20 does not contain allegations that Goodman Defendants need to admit or deny.

### III.    FACTS

**A. The Players**

21. Goodman Defendants deny that J.E. Goodman was the sole director of the Debtor but admit that J.E. Goodman owed fiduciary duties to the Debtor as of January 31, 2022. Goodman Defendants admit that J.E. Goodman resigned as director on February 1, 2022. Goodman Defendants deny the allegations in sentence 3 of Paragraph 21.

22. Goodman Defendants deny the allegations in Paragraph 22.

23. Goodman Defendants deny the allegations in Paragraph 23.

24. Goodman Defendants admit that J. E. Goodman was, until February 1, 2022, a director of the Debtor. Goodman Defendants deny the remaining allegations in Paragraph 24.

25. Goodman Defendants admit the allegations in Paragraph 25.

26. Goodman Defendants deny the allegations in Paragraph 26.

27. Goodman Defendants admit the allegations in Paragraph 27.

28. Goodman Defendants deny the allegations in Paragraph 28.

29. Goodman Defendants lack sufficient knowledge to admit or deny allegations in Paragraph 29.

30. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 30.

31. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 31.

32. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 32.

33. Goodman Defendants deny the allegations in the first sentence of Paragraph 33. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 33.

**B. The Plan**

34. Goodman Defendants deny the allegations in Paragraph 34.

35. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in sentences 1 and 2 of Paragraph 35. Goodman Defendants deny that J.E. Goodman knew about the situation with Federal Express ("**FedEx**"). Goodman Defendants deny that J.E. Goodman informed Auerbach of the situation with FedEx.

36. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 36. Goodman Defendants deny the allegations in the second sentence of Paragraph 36.

37. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 37.

38. Goodman Defendants deny the allegations in Paragraph 38.

5

39. Goodman Defendants deny the allegations in sentence 1 of Paragraph 39. Goodman Defendants admit that J.E. Goodman acquired a certain amount of the Debtor's bonds. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 39.

40. Goodman Defendants admit the allegations in Paragraph 40.

41. Goodman Defendants admit the allegations in Paragraph 41.

42. Goodman Defendants deny the allegations in Paragraph 42.

43. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 43.

44. Goodman Defendants deny the allegations in Paragraph 44 pertaining to J.E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 44 pertaining to other persons.

45. Goodman Defendants deny the allegations in Paragraph 45 pertaining to J.E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 45 pertaining to other persons.

46. Goodman Defendants admit that J.E. Goodman entered into an agreement with Auerbach related to the Debtor's bonds but deny that there was a plan to commit any nefarious or tortious acts. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 46 pertaining to other persons. Goodman Defendants deny the allegations in the last sentence of Paragraph 46.

47. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 47.

4876-9732-3922, v. 2 / 6514.005

48. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 48.

C. **Implementation of the Plan**

49. Goodman Defendants admit the allegations in Paragraph 49.

50. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 50.

51. Goodman Defendants admit the allegations in Paragraph 51.

52. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 52. Goodman Defendants deny the remaining allegations in Paragraph 52 pertaining to J.E. Goodman but lack sufficient knowledge to admit or deny the allegations in Paragraph 52 pertaining to other persons.

53. Goodman Defendants deny the allegations in Paragraph 53 pertaining to J.E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 53.

54. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 54.

55. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 55.

56. Goodman Defendants deny the allegations in Paragraph 56.

57. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 57.

58. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 58.

59. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 59.

60. Goodman Defendants admit the allegations in the first, second, and third sentences of Paragraph 60. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 60.

61. Goodman Defendants admit the allegations in the first sentence of Paragraph 61. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 61.

62. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 62.

63. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 63.

64. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 64.

65. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 65.

66. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 66.

67. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 67.

68. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 68.

4876-9732-3922, v. 2 / 6514.005

69. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 69.

70. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 70.

### IV.   Causes of Action

**Count 1: Bankruptcy Code $5.9 Million Fraudulent Transfer (Hudson, Auerbach, Auerbach Partners)**

71. Goodman Defendants incorporate their responses to paragraphs 1 through 70 as if fully set forth herein.

72. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 72.

73. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 73.

74. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 74.

75. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 75.

76. Goodman Defendants deny the allegations in Paragraph 76.

77. Goodman Defendants deny the allegations in Paragraph 77.

78. Goodman Defendants deny the allegations in Paragraph 78.

79. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 79.

**Count 2: TUFTA $5.9 Million Fraudulent Transfer (Hudson, Auerbach, Auerbach Partners)**

80. Goodman Defendants incorporate their responses to paragraphs 1 through 79 as if fully set forth herein.

81. Goodman Defendants admit the allegations in Paragraph 81.

82. Goodman Defendants admit the allegations in Paragraph 82.

83. Goodman Defendants deny the allegations in Paragraph 83.

84. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 84.

85. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 85.

86. Goodman Defendants admit the allegations in Paragraph 86.

87. Goodman Defendants deny the allegations in Paragraph 87.

88. Goodman Defendants admit the allegations in Paragraph 88.

89. Goodman Defendants deny the allegations in Paragraph 89.

90. Goodman Defendants deny the allegations in Paragraph 90.

91. Goodman Defendants deny the allegations in Paragraph 91.

92. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 92.

93. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 93.

**Count 3: TUFTA Fraudulent Transfer/Insider Preference (GIH and Genesis)**

94. Goodman Defendants incorporate their responses to paragraphs 1 through 93 as if fully set forth herein.

10

95. Goodman Defendants admit the allegations in Paragraph 95.

96. Goodman Defendants admit the allegations in Paragraph 96.

97. Goodman Defendants deny the allegations in Paragraph 97.

98. Goodman Defendants deny the allegations in Paragraph 98.

99. Goodman Defendants admit that GIH and Genesis received payments for the GIH Bonds and Genesis Bonds. Goodman Defendants deny the remaining allegations in Paragraph 99.

100. Goodman Defendants admit the allegations in the first sentence of Paragraph 100. Goodman Defendants deny the remaining allegations in Paragraph 100.

101. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 101 but deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

102. Goodman Defendants deny that the Trustee is entitled to recover his costs and attorneys' fees.

**Count 4: Main Transfer as Fraudulent Transfer**

103. Goodman Defendants incorporate their responses to paragraphs 1 through 102 as if fully set forth herein.

104. Goodman Defendants deny the allegations in Paragraph 104.

105. Goodman Defendants deny the allegations in Paragraph 105.

106. Goodman Defendants deny the allegations in Paragraph 106.

107. Goodman Defendants deny the allegations in Paragraph 107.

108. Goodman Defendants deny the allegations in Paragraph 108.

109. Goodman Defendants deny the allegations in Paragraph 109.

11

110. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 110 but deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

111. Goodman Defendants deny that the Trustee is entitled to recover his costs and attorneys' fees.

**Count 5: Fraudulent Transfer—Genesis Bonds (Alliance)**

112. Goodman Defendants incorporate their responses to paragraphs 1 through 111 as if fully set forth herein.

113. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 113.

114. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 114.

115. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 115.

**Count 6: Recovery of Avoided Transfers**

116. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 116 but deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**Count 7: Breach of Fiduciary Duty (Goodman)**

117. Goodman Defendants incorporate their responses to paragraphs 1 through 116 as if fully set forth herein.

118. Goodman Defendants deny the allegations in Paragraph 118.

119. Goodman Defendants deny the allegations in Paragraph 119.

120. Goodman Defendants deny the allegations in Paragraph 120.

121. Goodman Defendants deny the allegations in Paragraph 121.

122. Goodman Defendants deny the allegations in Paragraph 122.

123. Goodman Defendants deny the allegations in Paragraph 123.

124. Goodman Defendants deny the allegations in Paragraph 124.

125. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 125 but deny that the Trustee is entitled to obtain any relief or judgment against the Goodman Defendants as pled or otherwise.

**Count 8: Breach of Fiduciary Duty (Frinzi)**

126. Goodman Defendants incorporate their responses to paragraphs 1 through 125 as if fully set forth herein.

127. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 127.

128. Goodman Defendants deny the allegations in Paragraph 128 pertaining to J.E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 128.

129. Goodman Defendants deny that the sale of the GIH Bonds and Genesis Bonds was designed to enrich J.E. Goodman or to provide a preferential return to J.E. Goodman. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 129.

130. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 130.

131. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 131.

**Count 9: Conspiracy (Auerbach and Auerbach Partners)**

132. Goodman Defendants incorporate their responses to paragraphs 1 through 131 as if fully set forth herein.

133. Goodman Defendants admit that Plaintiff has described the general elements of civil conspiracy. Goodman Defendants lack sufficient knowledge to admit or deny whether such description correctly describes a claim applicable in this proceeding.

134. Goodman Defendants deny that J.E. Goodman sought to exploit the sale of the GIH Bonds and Genesis Bonds to his benefit or that J.E. Goodman sought to enrich himself to the detriment of the Debtor. Goodman Defendants deny that J.E. Goodman had a meeting of the minds with Auerbach regarding any tortious or nefarious purpose. Goodman Defendants deny that J.E. Goodman breached his fiduciary duties, if any were owed by J.E. Goodman, to Debtor. Goodman Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 134.

135. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 135.

**Count 10: Unjust Enrichment (Hudson, Auerbach, Auerbach Partners)**

136. Goodman Defendants incorporate their responses to paragraphs 1 through 136 as if fully set forth herein.

137. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 137.

138. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 138.

14

**Count 11: Partner Liability (Auerbach Trust 1 and Auerbach Trust 2)**

139. Goodman Defendants incorporate their responses to paragraphs 1 through 138 as if fully set forth herein.

140. Goodman Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 140.

141. Goodman Defendants admit that Plaintiff has generally described general partner liability. Goodman Defendants lack sufficient knowledge to admit or deny whether such description correctly describes a claim applicable in this proceeding.

142. Goodman Defendants admit that the Trustee seeks the relief described in Paragraph 142.

## DEFENSES

1. Debtor received reasonably equivalent value for the GIH Bonds and Genesis Bonds.

2. Goodman Defendants received the complained of transfers in good faith and without relevant knowledge of the avoidability of the transfers.

3. Goodman Defendants were mediate or subsequent transferees who took in good faith from an initial transferee.

4. Goodman Defendants plead proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code.

4876-9732-3922, v. 2 / 6514.005

**JURY DEMAND**

Goodman Defendants demand a trial by jury on all claims to which they are entitled to a Jury.

**PRAYER**

Goodman Defendants deny any allegations in Plaintiff's Complaint that are not specifically admitted above and deny that Plaintiff is entitled to obtain any relief or judgment against Goodman Defendants as pled or otherwise.

Dated: February 9, 2024                    Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Leslie Sara Hyman
    Texas State Bar No. 00798274
    lhyman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com

**ATTORNEYS FOR DEFENDANTS JAMES GOODMAN, GOODMAN INVESTMENT HOLDINGS, LLC, GENESIS NETWORKS, INC., AND GENESIS NETWORKS GLOBAL SERVICES, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 9, 2024, the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

***Via CM/ECF** drukavina@munsch.com*
Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Ste 3800
Dallas, TX 75201-6659

/s/ Randall A. Pulman
Randall A. Pulman