**IN THE UNITED STATES BANKRUPCTY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mv-7 |
| GOODMAN NETWORKS, INC. | § § | (Chapter 7) |
| Debtor. | § § | |
| SCOTT M. SIEDEL, TRUSTEE, | § § | ADVERSARY PROCEEDING NO: 23-03090-mvl |
| Plaintiff, | § § § | |
| v. | § § | |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC; ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. AUERBACH; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; JAMES GOODMAN; JAMES FRINZI; GOODMAN INVESTMENT HOLDINGS, LLC; GENESIS NETWORKS, INC.; GENESIS NETWORKS GLOBAL SERVICES, LLC; AUERBACH CHILDREN'S DYNASTY TRUST U/A/D OCTOBER 9, 2012; and AUERBACH FAMILY DYNASTY TRUST U/A/D OCTOBER 9, 2012, | § § § § § § § § § § § § § § § § | |
| Defendant(s). | § | |

**DEFENDANT JAMES FRINZI'S ANSWER TO ORIGINAL COMPLAINT**

Defendant James Frinzi ("Frinzi"), by and through his attorneys, files this Answer to the Original Complaint ("Complaint") (Doc. 1) filed in the above-captioned adversary proceeding by Scott M. Seidel, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of Goodman Networks, Inc. ("Debtor"). In support thereof, Defendant answers each of the numbered paragraphs in the Complaint with the corresponding subpart titles and paragraph numbers below.

# I.
# INTRODUCTION

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

# II.
# PROCEDURAL BACKGROUND

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 2.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 3.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 4.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint, does not consent to the conduct of the trial by the bankruptcy judge, and denies Plaintiff is entitled to a final judgment in its favor.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

# III.
# PARTIES

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the Trustee asserts claims in the capacity of Trustee.

8. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint; therefore, Defendant denies same.

9. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint; therefore, Defendant denies same.

10. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint; therefore, Defendant denies same.

11. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint; therefore, Defendant denies same.

12. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint; therefore, Defendant denies same.

13. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint; therefore, Defendant denies same.

14. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint; therefore, Defendant denies same.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint; therefore, Defendant denies same.

18. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint; therefore, Defendant denies same.

19. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint; therefore, Defendant denies same.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant acknowledges "Genesis" refers to the entities identified in Paragraph 20.

## IV.
## FACTS

**A.    The Players**

21.    Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits Goodman was the sole director of Debtor but denies all other allegations in Paragraph 21.

22.    Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, with respect to the actions alleged Frinzi took in the Complaint, Frinzi admits he undertook any such actions under the control and instruction of Goodman.

23.    Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, with respect to the actions alleged Frinzi took in the Complaint, Frinzi admits he undertook any such actions under the control and instruction of Goodman and with trust in Goodman that such actions were appropriate.

24.    Defendant admits the allegations in Paragraph 24 of the Complaint.

25.    Defendant admits the allegations in Paragraph 25 of the Complaint.

26.    Defendant admits the allegations in Paragraph 26 of the Complaint.

27.    Defendant admits the allegations in Paragraph 27 of the Complaint.

28.    Defendant admits the allegations in Paragraph 28 of the Complaint.

29.    Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Frinzi admits he was the Chief Executive Officer of Debtor.

30.    Defendant admits the allegations in Paragraph 30 of the Complaint.

31.    Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 32; therefore, Defendant denies same.

33. Defendant admits the allegations in Paragraph 33 of the Complaint insofar as they pertain to Frinzi's relationship with the identified individuals. Defendant lacks knowledge sufficient to form a belief about the relationships between the other identified individuals; therefore, Defendant denies same.

**B.    The Plan**

34. Defendant lacks knowledge sufficient to form a belief about the exact date of the Debtor's insolvency as alleged in Paragraph 34 of the Complaint, but Defendant admits Debtor became insolvent.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint insofar as Debtor had substantial cash on hand. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint; therefore, Defendant denies same.

37. Defendant admits the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant lacks knowledge sufficient to form a belief about the exact amount of the bonds held and owned by Goodman Investment Holdings, LLC ("GIH") as date of February 3, 3022, but Defendant otherwise admits the allegations in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge sufficient to form a belief about the exact amount of the bonds held and owned by Genesis as date of February 3, 3022, but Defendant otherwise admits the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

5

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint; therefore, Defendant denies same.

**C.    Implementation of the Plan**

49. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint; therefore, Defendant denies same.

50. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint; therefore, Defendant denies same.

51. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint; therefore, Defendant denies same.

52. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint; therefore, Defendant denies same.

53. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint; therefore, Defendant denies same.

54. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint; therefore, Defendant denies same.

55. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint; therefore, Defendant denies same.

56. Defendant lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint; therefore, Defendant denies same.

57. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint; therefore, Defendant denies same.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint; therefore, Defendant denies same.

62. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint; therefore, Defendant denies same.

63. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 63 of the Complaint; therefore, Defendant denies same.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Complaint; therefore, Defendant denies same.

66. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 66 of the Complaint; therefore, Defendant denies same.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 69 of the Complaint; therefore, Defendant denies same.

70. Defendant lacks knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 70 of the Complaint; therefore, Defendant denies same.

V.
CAUSES OF ACTION

**COUNT 1:** **B**ANKRUPTCY **C**ODE **$5.9 M**ILLION **F**RAUDULENT **T**RANSFER **(H**UDSON**,**
**A**UERBACH**, A**UERBACH **P**ARTNERS**)**

71. Defendant incorporates his responses above.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

**COUNT 2:    TUFTA $5.9 MILLION FRAUDULENT TRANSFER (HUDSON, AUERBACH, AUERBACH PARTNERS**

80. Defendant incorporates his responses above.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.

Case 23-03090-mvl    Doc 12    Filed 02/23/24    Entered 02/23/24 16:55:18    Desc Main
Document    Page 11 of 20

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

**COUNT 3:    TUFTA FRAUDULENT TRANSFER/INSIDER PREFERENCE (GIH AND GENESIS)**

94. Defendant incorporates his responses above.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102 of the Complaint.

**COUNT 4:** **MAIN TRANSFER AS FRAUDULENT TRANSFER**

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111 of the Complaint.

**COUNT 5:** **FRAUDULENT TRANSFER—GENESIS BONDS**

112. Defendant incorporates his responses above.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

**COUNT 6:**     **RECOVERY OF AVOIDED TRANSFERS**

116. Defendant incorporates his responses above.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 117 of the Complaint.

**COUNT 7:**     **BREACH OF FIDUCIARY DUTY (GOODMAN)**

118. Defendant incorporates his responses above.

119. Paragraph 119 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125 of the Complaint.

**COUNT 8:     BREACH OF FIDUCIARY DUTY (FRINZI)**

126. Defendant incorporates his responses above.

127. Paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 131 of the Complaint.

**COUNT 9:** **CONSPIRACY (AUERBACH AND AUERBACH PARTNERS)**

132. Defendant incorporates his responses above.

133. Paragraph 133 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 133 of the Complaint.

134. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134 of the Complaint.

135. Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 135 of the Complaint.

**COUNT 10:** **UNJUST ENRICHMENT (HUDSON, AUERBACH, AND AUERBACH PARTNERS)**

136. Defendant incorporates his responses above.

137. Paragraph 137 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 138 of the Complaint.

**COUNT 11:** **PARTNER LIABILITY (AUERBACH TRUST 1 AND AUERBACH TRUST 2)**

139. Defendant incorporates his responses above.

140. Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 140 of the Complaint.

141. Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 141 of the Complaint.

142. Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142 of the Complaint.

## VI.
## RESERVATION OF RIGHTS

143. Paragraph 143 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143 of the Complaint.

## VII.
## PRAYER

Defendant denies that the Trustee is entitled to the relief sought in the Prayer.

## AFFIRMATIVE DEFENSES

In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendant alleges as follows:

1. Plaintiff is estopped from asserting these claims because the actions complained of benefited the Debtors and were affirmed and completed with the Debtor's knowledge, agreement or acquiescence.

2. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, due to the business judgment rule.

3. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part by, or are subject to, setoff or recoupment.

4. Some or all of Plaintiff's claims, damages, and/or requests for relief are barred, in whole or in part, by Plaintiff's waiver, release, or ratification.

## GENERAL DENIAL

To the extent Defendant has not answered any allegation within the Complaint, Defendant denies any and all such allegations.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend his Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

## RULE 7012 STATEMENT

Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

## JURY DEMAND

Defendant requests that all claims, allegations, and defenses asserted in the above-captioned adversary proceeding, including all claims alleged in the Complaint, any amendments or supplements thereto, and all defenses, be tried before a jury. Nothing in this demand constitutes a waiver or release of Defendant's rights to trial by jury in any proceeding or a waiver or release of Defendant's rights to have any and pre-trial, trial, and final orders in any and all proceedings entered only by a United States District Court Judge rather than the Bankruptcy Court, which rights Defendant expressly reserves.

## **PRAYER**

Defendant respectfully requests that all relief requested in Plaintiff's Complaint be denied, this matter be set on the jury trial docket, and the Court enter judgment that Plaintiff take nothing on its claims against Defendant. Defendant further requests any other and further relief to which he may show himself entitled.

Dated: February 23, 2024.                    Respectfully submitted,

*/s/ Jason M. Rudd*
Jason M. Rudd, Tex. State Bar No. 24028786
jason.rudd@wickphillips.com
Scott D. Lawrence, Tex. State Bar No. 24087896
scott.lawrence@wickphillips.com
Catherine A. Curtis, Tex. State Bar No. 24095708
catherine.curtis@wickphillips.com
Mallory A. Davis, Tex. State Bar No. 24133121
mallory.davis@wickphillips.com
Paul T. Elkins, Tex. State Bar No. 24092383
paul.elkins@wickphillips.com

**COUNSEL FOR DEFENDANT JAMES FRINZI**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2024, I electronically filed the foregoing with the clerk of the court using the CM/ECF system and have served a copy of the same to the following parties or their counsel via the method(s) indicated below:

| | | |
|---|---|---|
| Davor Rukavina, Esq. | _____ | Hand Delivery |
| Texas Bar No. 24030781 | _____ | Regular Mail |
| Thomas D. Berghman, Esq. | _____ | Facsimile |
| Texas Bar No. 24082683 | __X__ | E-mail |
| MUNSCH HARDT KOPF & HARR, P.C. | __X__ | CM/ECF |
| 500 N. Akard Street, Suite 3800 | | |
| Dallas, Texas 75201-6659 | | |
| Telephone: (214) 855-7500 | | |
| Facsimile: (214) 855-7584 | | |

**Counsel for Scott M. Seidel,
Chapter 7 Trustee**

                                        */s/ Jason M. Rudd*_____
                                        Jason M. Rudd