Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

COUNSEL FOR SCOTT M. SEIDEL, TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | ADVERSARY PROCEEDING |
| | § | NO:  23-03090-mvl |
| v. | § | |
| | § | |
| HUDSON CLEAN ENERGY | § | |
| ENTERPRISES, LLC; ALLIANCE TEXAS | § | |
| HOLDINGS, LLC; NEIL Z. AUERBACH; | § | |
| JUDITH AUERBACH; AUERBACH | § | |
| PARTNERS, L.P.; JAMES GOODMAN; | § | |
| JAMES FRINZI; GOODMAN | § | |
| INVESTMENT HOLDINGS, LLC; | § | |
| GENESIS NETWORKS, INC.; GENESIS | § | |
| NETWORKS GLOBAL SERVICES, LLC; | § | |
| AUERBACH CHILDREN'S DYNASTY | § | |
| TRUST U/A/D OCTOBER 9, 2012; and | § | |
| AUERBACH FAMILY DYNASTY TRUST | § | |
| U/A/D OCTOBER 9, 2012, | § | |
| | | |
| Defendants. | | |

**TRUSTEE'S MOTION: (I) FOR EMERGENCY HEARING ON TRO; (II) TO FILE**
**DOCUMENTS UNDER SEAL; AND (III) FOR LIMITED, EXPEDITED DISCOVERY**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case") and the plaintiff in the above styled and numbered adversary proceeding (the "Adversary Proceeding"), and files this his *Motion: (i) for Emergency Hearing on TRO; (ii) to File Documents Under Seal; and (iii) for Limited, Expedited Discovery* (the "Motion"), respectfully stating as follows:

1.      Concurrently herewith, the Trustee has filed his *Trustee's Emergency Motion for Temporary Restraining Order, Expedited Discovery, and Preliminary Injunction, and Brief In Support Thereof* (the "TRO Motion").

2.      The TRO Motion concerns $1,570,000.00 of the Debtor's Bonds which the Trustee asserts are owned by the Estate, either as having been purchased by the Debtor outright or as the product of a fraudulent transfer, but which are owned by one or more of the defendants in this Adversary Proceeding and which have not been turned over to the Trustee despite demand for the same.  This represents more than 8.3% of the outstanding Bonds.

3.      The Indenture Trustee has informed the Trustee that it will make a distribution to bondholders from the millions of dollars that the Trustee has distributed to the Indenture Trustee "any day now."  Hence the urgency supporting the Court's consideration of the TRO Motion on an emergency basis: someone else may receive property of the estate in violation of Texas law and in violation of sections 362(a) and 542(a) of the Bankruptcy Code.

4.      The Trustee has been discussing these issues with counsel for the defendants for weeks, and has sought an agreed preliminary injunction.  Given the urgency of the matter, the Trustee can no longer wait for agreement and seeks the Court's intervention.  But the point is simple: although the Trustee has just now filed the TRO Motion, the defendants have known of

the issues, and have known that the TRO Motion would be coming absent agreement, for weeks. There is no surprise, they are well aware of the issues and the Trustee's claims (which have been pending in this Adversary Proceeding since early November, 2023), and they will suffer no prejudice as a result of an emergency hearing.

5.    Furthermore, the relief the Trustee seeks is simply that any payment on the Missing Bonds be placed into the Registry of the Court, whereafter this Court can adjudicate all issues regarding the same.  That, if granted, is likewise no prejudice.  Conversely, absent an emergency hearing, someone other than the Estate will come into property of the Estate, to the irreparable injury of the Estate.

6.    The Trustee further requests that he be permitted to file any evidence in support of the TRO Motion under seal, since some of that evidence was produced under protective orders prohibiting its general dissemination.

7.    Finally, for the reasons requested in the Motion, the Trustee seeks certain limited, expedited discovery, in order that he may ensure admissible evidence at the preliminary injunction hearing stage of the TRO Motion.

8.    The Trustee estimates that the requested hearing will take between 30 minutes and one hour.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court set the TRO Motion for an emergency hearing on the requested temporary restraining order and limited, expedited discovery, on May 2, 2024 at 10:30 a.m. if possible.

RESPECTFULLY SUBMITTED this 30th day of April, 2024.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina

    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    Email: drukavina@munsch.com

**COUNSEL FOR SCOTT SEIDEL, CHAPTER 7
TRUSTEE**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that he discussed the relief requested herein with Randall A. Pullman, Esq., counsel of record for the James Goodman entities, and with Michael Cancienne, Esq., counsel of record for the Hudson entities, and that no agreement was reached.  Both gentlemen informed the undersigned that they have other obligations on May 2 at 10:30, but did not provide alternatives, although Mr. Cancienne indicated that he would seek to find cover.  Further, with respect to Mr. Pullman, while the undersigned understands his schedule, there are others at his law firm who are surely capable of handling a TRO hearing.

By: /s/  Davor Rukavina

    Davor Rukavina, Esq.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 30th day of April, 2024, true and correct copies of this Motion were electronically served by the Court's ECF system on parties entitled to notice thereof through their counsel of record and that, on the same day, he caused true and correct copies of this Motion to be served by e-mail on the following counsel of record:

Jason Rudd, Esq. at jason.rudd@wickphillips.com

Randall A. Pulman, Esq. at RPulman@pulmanlaw.com

Michael Cancienne, Esq., at mcancienne@jlcfirm.com

By: /s/  Davor Rukavina
Davor Rukavina, Esq.