**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4025

*Counsel for Steven Zakharyayev*
*And Evelina Pinkhasova*

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| SCOTT M. SEIDEL, TRUSTEE; and GNET ATC, LLC<br>*Plaintiffs,*<br>v.<br>HUDSON CLEAN ENERGY ENTERPRISES, LLC; ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. AUERBACH; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; JAMES GOODMAN; JAMES FRINZI; GOODMAN INVESTMENT HOLDINGS, LLC; GENESIS NETWORKS, INC.; GENESIS NETWORKS GLOBAL SERVICES, LLC; AUERBACH CHILDREN'S DYNASTY TRUST U/A/D OCTOBER 9, 2012; and AUERBACH FAMILY DYNASTY TRUST U/A/D OCTOBER 9, 2012,<br><div align="right">*Defendants.*</div> | Case No. 22-31641-mvl-7<br><br>(Chapter 7)<br><br>Adversary Proceeding No. 23-03090-mvl |

**DEFENDANTS HUDSON CLEAN ENERGY ENTERPRISES, LLC,
ALLIANCE TEXAS HOLDINGS, LLC, NEIL Z. AUERBACH, JUDITH
AUERBACH, AUERBACH PARTNERS, L.P., AND AUERBACH
CHILDREN'S DYNASTY TRUST U/A/D OCTOBER 9, 2012'S ANSWER
TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendants Hudson Clean Energy Enterprises, LLC, Alliance Texas
Holdings, LLC, Neil Z. Auerbach, Judith Auerbach, Auerbach Partners, L.P.,
Auerbach Children's Dynasty Trust u/a/d October 9, 2012, and Auerbach
Family Dynasty Trust u/a/d October 9, 2012 (collectively, the "Auerbach
Defendants") submit their Answer to Plaintiff's Original Complaint. Except as
otherwise expressly admitted, The Auerbach Defendants deny each and every
allegation contained in Plaintiff's Original Complaint.

## I.      INTRODUCTION

1.      The Auerbach Defendants deny the allegations contained in
Paragraph 1.

## II.      PROCEDURAL BACKGROUND

2.      The Auerbach Defendants admit the allegations contained in
Paragraph 2.

3.      The Auerbach Defendants admit the allegations contained in
Paragraph 3.

4.      The Auerbach Defendants admit the allegations contained in
Paragraph 4.

5.      Paragraph 5 does not contain factual allegations, and therefore
no response to this paragraph is required. To the extent a response is deemed

required, the Auerbach Defendants deny any allegations contained in Paragraph 5.

6.      Paragraph 6 contains a legal conclusion, and therefore no response to this paragraph is required. To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 6.

## II.[1]   <u>PARTIES</u>

7.      The Auerbach Defendants admit that the Trustee is the Chapter 7 trustee of the Debtor.  The remainder of Paragraph 7 contains legal determinations for the Auerbach Defendants cannot admit or deny.  To the extent a response is deemed required, the Auerbach Defendants deny the remainder of the allegations as to capacity in Paragraph 7.

8.      The Auerbach Defendants admit the allegations contained in Paragraph 8.

9.      The Auerbach Defendants admit the allegations contained in Paragraph 9.

10.     The Auerbach Defendants admit the allegations contained in Paragraph 10.

11.     The Auerbach Defendants admit the allegations contained in Paragraph 11.

---

[1] The repeated numeral is kept from the Plaintiff's Original Complaint.

12.　　The Auerbach Defendants deny the allegations contained in Paragraph 12.

13.　　The Auerbach Defendants deny the allegations contained in Paragraph 13.

14.　　The Auerbach Defendants deny the allegations contained in Paragraph 14. The allegations contained in Footnote 1 connected to Paragraph 14 do not contain allegations for which a response is required. To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Footnote 1.

15.　　Upon information and belief, the Auerbach Defendants admit that the allegations contained in Paragraph 15.

16.　　Upon information and belief, the Auerbach Defendants admit that the allegations contained in Paragraph 16.

17.　　Upon information and belief, the Auerbach Defendants admit that the allegations contained in Paragraph 17.

18.　　The Auerbach Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, deny those allegations.

19.　　Upon information and belief, the Auerbach Defendants admit the allegations contained in Paragraph 19.

20.　　The allegations contained in Paragraph 20 do not contain allegations for which a response is required. To the extent a response is

deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 20.

### III.  FACTS

21.    The Auerbach Defendants admit that Goodman was the sole director of the Debtor as of January 31, 2022.  The Auerbach Defendants deny the remainder of the allegations contained in Paragraph 21.

22.    The Auerbach Defendants deny the allegations contained in Paragraph 22.

23.    The Auerbach Defendants deny the allegations contained in Paragraph 23.

24.    The Auerbach Defendants deny the allegations contained in Paragraph 24.

25.    The Auerbach Defendants deny the allegations contained in Paragraph 25.

26.    The Auerbach Defendants deny the allegations contained in Paragraph 26.

27.    The Auerbach Defendants deny the allegations contained in Paragraph 27.

28.    The Auerbach Defendants deny the allegations contained in Paragraph 28.

29.    The Auerbach Defendants admit that Frinzi was the Chief Executive Officer of the Debtor.  The remaining allegations contain legal

conclusions for which a response is not required.   To the extent a response is required, the Auerbach Defendants deny the remainder of the allegations contained in Paragraph 29.

30.    The Auerbach Defendants admit that Neil Auerbach is a successful investor and funds manager in New York.

31.    The Auerbach Defendants deny the allegations contained in Paragraph 31.

32.    The Auerbach Defendants admit the allegations contained in Paragraph 32.

33.    The Auerbach Defendants deny the allegations contained in Paragraph 33.

34.    The Auerbach Defendants deny the allegations contained in Paragraph 34.

35.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in the first three sentences of Paragraph 35, and therefore deny those allegations.   The Auerbach Defendants deny all further allegations contained in Paragraph 35.

36.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 36, and therefore deny those allegations.

37.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 37, and therefore deny those allegations.

38.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 38, and therefore deny those allegations.

39.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 39.

40.    The Auerbach Defendants admit the allegations contained in Paragraph 40.

41.    The Auerbach Defendants admit the allegations contained in Paragraph 41.

42.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 42, and therefore deny those allegations.

43.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 43, and therefore deny those allegations.

44.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 44, and therefore deny those allegations.

45.    The Auerbach Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 45, and therefore deny those allegations.

46.    The Auerbach Defendants deny the allegations contained in Paragraph 46.

47.    The Auerbach Defendants admit that Neil Auerbach is a successful businessman and has served as a director, officer, or manager for various entities that handle funds and investments.  The Auerbach Defendants also admit that Neil Auerbach is aware that his roles may include different fiduciary duties and is aware of business ethical rules.  The Auerbach Defendants deny the remaining allegations contained in Paragraph 47.

48.    The Auerbach Defendants deny the allegations contained in Paragraph 48.

49.    The Auerbach Defendants admit that Alliance Texas Holdings, LLC entered into a purchase agreement with GIH and Genesis for the purchase of bonds.

50.    The Auerbach Defendants deny the allegations contained in Paragraph 50.

51.    The Auerbach Defendants deny the allegations contained in Paragraph 51.

52.    The Auerbach Defendants deny the allegations contained in Paragraph 52.

53.    The Auerbach Defendants deny the allegations contained in Paragraph 53.

54.    The Auerbach Defendants admit that Alliance and Hudson entered into an agency Agreement in February 2022.

55.    The Auerbach Defendants deny the allegations contained in Paragraph 55.

56.    The Auerbach Defendants deny the allegations contained in Paragraph 56.

57.    The Auerbach Defendants admit the allegations contained in Paragraph 57.

58.    The Auerbach Defendants deny the allegations contained in Paragraph 58.

59.    The Auerbach Defendants deny the allegations contained in Paragraph 59.

60.    The Auerbach Defendants deny the allegations contained in Paragraph 60.

61.    The Auerbach Defendants deny the allegations contained in Paragraph 61.

62.    The Auerbach Defendants deny the allegations contained in Paragraph 62.

63.    The Auerbach Defendants deny the allegations contained in Paragraph 63.

64.    The Auerbach Defendants deny the allegations contained in Paragraph 64.

65.    The Auerbach Defendants deny the allegations contained in Paragraph 65.

66.    The Auerbach Defendants deny the allegations contained in the first sentence of Paragraph 66.    The Auerbach Defendants admit that Auerbach Children's Dynasty Trust u/a/d October 9, 2012 and Auerbach Family Dynasty Trust u/a/d October 9, 2012 are the general partners of Auerbach Partners.    The remaining allegations in the second sentence of Paragraph 66 contain legal conclusions for which no response is required. To the extent a response is deemed required, the Auerbach Defendants deny all other allegations contained in Paragraph 66 not specifically admitted herein.

67.    The Auerbach Defendants deny the allegations contained in Paragraph 67.

68.    The Auerbach Defendants admit that Frinzi approved the wire transfer of funds for purchase of certain bonds.  The Auerbach Defendants deny the remaining allegations contained in Paragraph 68.

69.    The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 69, and therefore deny the allegations.

70.    The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 70, and therefore deny the allegations.

## IV.    CAUSES OF ACTION

### COUNT 1:   BANKRUPTCY CODE $5.9 MILLION FRAUDULENT TRANSFER (HUDSON, AUERBACH, AUERBACH PARTNERS)

71.    To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 71, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–70.

72.    The allegations in Paragraph 72 require a legal conclusion and thus no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 72.

73.    The Auerbach Defendants deny the allegations contained in Paragraph 73.

74.    The Auerbach Defendants deny the allegations contained in Paragraph 74.

75.    The Auerbach Defendants deny the allegations contained in Paragraph 75.

76.    The Auerbach Defendants deny the allegations contained in Paragraph 76.

77.    The Auerbach Defendants deny the allegations contained in Paragraph 77.

78.   The Auerbach Defendants deny the allegations contained in Paragraph 78.

79.   Paragraph 79 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 79.

## COUNT 2:   TUFTA $5.9 MILLION FRAUDULENT TRANSFER (HUDSON, AUERBACH, AUERBACH PARTNERS)

80.   To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 80, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–79.

81.   Paragraph 81 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 81.

82.   The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 82, and therefore deny the allegations.

83.   The allegations in Paragraph 83 require a legal conclusion and thus no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 83.

84.   The Auerbach Defendants deny the allegations contained in Paragraph 84.

85.   The Auerbach Defendants deny the allegations contained in Paragraph 85.

86.    Paragraph 86 does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 86.

87.    The Auerbach Defendants deny the allegations contained in Paragraph 87.

88.    Paragraph 88 does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 88.

89.    The Auerbach Defendants deny the allegations contained in Paragraph 89.

90.    The Auerbach Defendants deny the allegations contained in Paragraph 90.

91.    The Auerbach Defendants deny the allegations contained in Paragraph 91.

92.    Paragraph 92 does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 92.

93.    Paragraph 93 does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 93.

## COUNT 3:   TUFTA FRAUDULENT TRANSFER/INSIDER PREFERENCE
## (GIH AND GENESIS)[2]

94.   To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 94, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–93.

95.   Paragraph 95 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 95.

96.   The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 96, and therefore deny the allegations.

97.   The allegations in Paragraph 97 require a legal conclusion and thus no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 97.

98.   The Auerbach Defendants deny the allegations contained in Paragraph 98.

99.   The Auerbach Defendants deny the allegations contained in Paragraph 99.

100.   The allegations in the first sentence of Paragraph 100 require a legal conclusion and thus no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in

---

[2] Footnote 3, denoted here on Count 3 in the Plaintiff's Original Complaint does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Footnote 3.

Paragraph 100.  The Auerbach Defendants deny all other allegations contained in Paragraph 100.

101.    Paragraph 101 does not include factual allegations for which a response is required.    To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 101.

102.    Paragraph 102 does not include factual allegations for which a response is required.    To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 102.

**COUNT 4:   MAIN TRANSFER AS FRAUDULENT TRANSFER**

103.    To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 103, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–102.

104.    The Auerbach Defendants deny the allegations contained in Paragraph 104.

105.    The Auerbach Defendants deny the allegations contained in Paragraph 105.

106.    The allegations in Paragraph 106 require a legal conclusion and thus no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 106.

107.    The allegations in Paragraph 107 as to whether the Main Transfer is a constructively fraudulent transfer and the Debtor's insolvency require legal conclusions for which no responses are required.  To the extent responses are deemed required, the Auerbach Defendants deny said

allegations contained in Paragraph 107.  The Auerbach Defendants deny all
other allegations contained in Paragraph 107.

108.    The allegations in Paragraph 108 as to the Debtor's insolvency
require a legal conclusion for which no responses are required.  To the extent
a response is deemed required, the Auerbach Defendants deny said allegation
contained in Paragraph 108.  The Auerbach Defendants deny the remaining
allegations contained in Paragraph 108.

109.    The Auerbach Defendants deny the allegations contained in
Paragraph 109.

110.    Paragraph 110 does not include factual allegations for which a
response is required.  To the extent a response is deemed required, the
Auerbach Defendants deny the allegations contained in Paragraph 110.

111.    Paragraph 111 does not include factual allegations for which a
response is required.  To the extent a response is deemed required, the
Auerbach Defendants deny the allegations contained in Paragraph 111.

### COUNT 5:  FRAUDULENT TRANSFER—GENESIS BONDS (ALLIANCE)

112.    To the extent the Trustee incorporates allegations in prior
paragraphs in Paragraph 112, the Auerbach Defendants incorporate their
prior answers to Paragraphs 1–111.

113.    The Auerbach Defendants deny the allegations contained in
Paragraph 113.

114.   The Auerbach Defendants deny the allegations contained in Paragraph 114.

115.   Paragraph 115 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 115.

## COUNT 6:   RECOVERY OF AVOIDED TRANSFERS

116.   To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 116, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–115.

117.   Paragraph 117 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 117.

## COUNT 7:   BREACH OF FIDUCIARY DUTY (GOODMAN)[3]

118.   To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 118, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–117.

119.   The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 119, and therefore deny the allegations.

---

[3] Footnote 4, denoted here on Count 7 in the Plaintiff's Original Complaint does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Footnote 4.

120.   The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 120, and therefore deny the allegations.

121.   The Auerbach Defendants lack sufficient information to either admit or deny the allegations contained in Paragraph 121, and therefore deny the allegations.

122.   The allegations in Paragraph 122 as to Goodman's breach of the duty of loyalty require a legal conclusion for which no responses are required. To the extent response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 122.  The Auerbach Defendants deny all allegations contained in Paragraph 122.

123.   The allegations in Paragraph 123 as to Goodman's breach of the duty of loyalty require a legal conclusion for which no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 123.  The Auerbach Defendants deny all allegations contained in Paragraph 123.

124.   The allegations in Paragraph 124 as to Goodman's breach of the duty of care require a legal conclusion for which no response is required.  To the extent a response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 124.  The Auerbach Defendants deny all allegations contained in Paragraph 124.

125.    Paragraph 125 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 125.

### COUNT 8:   BREACH OF FIDUCIARY DUTY (FRINZI)[4]

126.    To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 126, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–125.

127.    The Auerbach Defendants admit that Frinzi was the Chief Executive Officer of the Debtor.   The remaining allegations contained in Paragraph 127 require a legal conclusion for which no response is required.  To the extent response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 127.

128.    The Auerbach Defendants deny the allegations contained in first sentence of Paragraph 128. The remaining allegations contained in Paragraph 128 as to Frinzi's duties to the Debtor require a legal conclusion for which no response is required.  To the extent response is deemed required, the Auerbach Defendants deny said allegations, along with all other allegations, contained in Paragraph 128.

129.    The allegations in Paragraph 129 as to Frinzi's breach of the duty of loyalty require a legal conclusion for which no response is required.  To the

---

[4] Footnote 5, denoted here on Count 8 in the Plaintiff's Original Complaint does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Footnote 5.

extent response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 129. The Auerbach Defendants deny all other allegations contained in Paragraph 129.

130. The allegations in Paragraph 130 as to Frinzi's breach of the duty of care require a legal conclusion for which no response is required. To the extent response is deemed required, the Auerbach Defendants deny said allegations in Paragraph 130. The Auerbach Defendants deny all other allegations contained in Paragraph 130.

131. Paragraph 131 does not include factual allegations for which a response is required. To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 131.

**COUNT 9:   CONSPIRACY (AUERBACH AND AUERBACH PARTNERS)**

132. To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 132, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–131.

133. Paragraph 133 does not require a response, as it does not include factual allegations or contains legal conclusions. To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 133.

134. The Auerbach Defendants deny the allegations contained in Paragraph 134.

135.    Paragraph 135 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 135.

## COUNT 10: UNJUST ENRICHMENT (HUDSON, AUERBACH, AUERBACH PARTNERS)

136.    To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 136, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–135.

137.    The Auerbach Defendants deny the allegations contained in Paragraph 137.

138.    Paragraph 138 does not include factual allegations for which a response is required.   To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 138.

## COUNT 11: PARTNER LIABILITY (AUERBACH TRUST 1 AND AUERBACH TRUST 2)

139.    To the extent the Trustee incorporates allegations in prior paragraphs in Paragraph 139, the Auerbach Defendants incorporate their prior answers to Paragraphs 1–138.

140.    The Auerbach Defendants deny the allegations contained in Paragraph 140.

141.    Paragraph 140 contains allegations that require a legal conclusion for which no responses are required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 140.

142.    Paragraph 142 does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny the allegations contained in Paragraph 142.

## V.    PRAYER

The Prayer sought in Section V of Plaintiff's Original Complaint does not include factual allegations for which a response is required.  To the extent a response is deemed required, the Auerbach Defendants deny that the Trustee is entitled to the requested relief in Section V, subparts (i) through (x).

## THE AUERBACH DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff has failed to state a claim against the Auerbach Defendants upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, acquiescence, waiver, equitable estoppel, and unclean hands.

3.    Plaintiff's claims are barred, in whole or in part, because the Plaintiff lack standing to bring these claims.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

5.    The Auerbach Defendants acted reasonably and in good faith at all times.

6.    The costs, damages, and penalties the Plaintiff seeks to recover or impose are unreasonable, excessive, arbitrary, and capricious.

7.     The Plaintiff is not entitled to recover attorneys' fees or costs, or fees of litigation.

8.     The Auerbach Defendants reserve the right to plead additional defenses as may be appropriate depending upon facts later revealed during discovery.

## THE AUERBACH DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, The Individual Defendants pray that Plaintiff's claims be dismissed, and that this Court award The Auerbach Defendants their costs and reasonable attorneys' fees in defending against Plaintiff's claims, and award such other and further relief to which the Auerbach Defendants may be justly entitled.

## DEMAND FOR JURY TRIAL

The Auerbach Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE
PLLC

By:  *Joseph W. Golinkin II*
      Michael Cancienne
      State Bar No. 24046330
      Joseph ("Jeb") W. Golinkin II
      State Bar No. 24087596
      Brittainie Zinsmeyer
      State Bar No. 24115981
      1980 Post Oak Blvd., Ste. 2300
      Houston, Texas 77056
      713-955-4020 (Telephone)
      713-955-9644 (Fax)
      mcancienne@jlcfirm.com
      jgolinkin@jlcfirm.com
      bzinsmeyer@jlcfirm.com

ATTORNEYS FOR DEFENDANTS
HUDSON CLEAN ENERGY
ENTERPRISES, LLC, ALLIANCE
TEXAS HOLDINGS, LLC, NEIL Z.
AUERBACH, JUDITH AUERBACH,
AUERBACH PARTNERS, L.P., AND
AUERBACH CHILDREN'S
DYNASTY TRUST U/A/D OCTOBER
9, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

      */s/ Jeb Golinkin*
      Joseph W. Golinkin II