**Reed Smith, LLP**
Keith M. Aurzada, Esquire
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
(214) 498-4279
kaurzada@reedsmith.com

and

**Stonecipher Law Firm**
Eric A. Schaffer, Esquire
125 First Avenue
Pittsburgh, PA 15222
(412) 391-8510
eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National Association, as indenture trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22-31641-mv17 |
| | ) | |
| GOODMAN NETWORKS,INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SCOTT M. SEIDEL, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO: 23-03090-mvl |
| v. | ) | |
| | ) | |
| HUDSON CLEAN ENERGY | ) | |
| ENTERPRISES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF UMB BANK, N.A., AS INDENTURE TRUSTEE,
TO TRUSTEE'S EMERGENCY MOTION FOR
<u>TEMPORARY RESTRAINING ORDER AND OTHER RELIEF</u>**

1

UMB Bank, National Association, as indenture trustee (the "Indenture Trustee"), by its undersigned counsel, hereby files this Response to the Trustee's Emergency Motion for Temporary Restraining Order, Expedited Discovery, and Preliminary Injunction, and respectfully states as follows.

## BACKGROUND

1. On April 30, 2024, the Trustee filed his Emergency Motion for Temporary Restraining Order, Expedited Discovery, and Preliminary Injunction (the "TRO Motion") in the above-captioned adversary action.[1]

2. On May 2, 2024, upon notice and a hearing, the Court entered an Order setting the TRO Motion for hearing on May 14, 2024, and directing that any responses to the TRO Motion be filed by May 10, 2024.

3. The Indenture Trustee files this Response to the TRO Motion for the purpose of clarifying the rights of the Indenture Trustee and the relationships between and among the Indenture Trustee and the parties to the above-captioned action.

4. As more fully set forth below:

   a. the Indenture Trustee acts for the benefit of all Holders of the Notes and therefore takes no position on the merits of the TRO Motion;

   b. the Missing Bonds represent only a beneficial interest in the Notes and the Indenture Trustee does not know the owner of the Missing Bonds;

   c. any funds relating to the Missing Bonds must be held subject to the Indenture Trustee's rights, claims, liens, and security interests; and

   d. the Indenture governs any cancellation of the Missing Bonds.

---

[1] Capitalized terms not defined in this Response have the meanings set forth in the TRO Motion, the Indenture, and the Security Agreement, as defined herein.

## RIGHTS OF THE INDENTURE TRUSTEE AND RELATIONSHIPS
## UNDER THE INDENTURE AND RELATED DOCUMENTS

5. As set forth in the TRO Motion and other pleadings filed in this bankruptcy case, the Debtor, the Indenture Trustee, and U.S. Bank National Association (the "Collateral Agent") are parties to, *inter alia,* the Indenture (as amended, the "Indenture"), dated as of May 31, 2017, between and among the Debtor, the Indenture Trustee, and the Collateral Agent; and the Pledge and Security Agreement (the "Security Agreement"), dated as of May 31, 2017, by and among the Debtor, the Grantees, and the Collateral Agent.

6. Pursuant to the Indenture and in accordance with the Security Agreement, the Debtor issued its 8% Senior Secured Notes due 2022 (the "Notes") which Notes and all other amounts due under the Indenture are secured by liens on and security interests in certain assets of the Debtor and other Grantors as defined therein (together, the "Collateral").

### A. The Indenture Trustee Acts for All Holders

7. The Indenture Trustee acts for all Holders of the Notes. The Indenture recites on page 1 that the Indenture Trustee and the Collateral Agent act "for the equal and ratable benefit of the Holders (as defined) of [the Notes]." Consistent with this recital, at the May 2, 2024, hearing the Indenture Trustee stated and the Trustee agreed that the TRO Motion seeks no relief against the Indenture Trustee and that the proposed Order does not impose any obligations beyond the terms of the Indenture and related documents. Accordingly, the Indenture Trustee takes no position with regard to the merits of the TRO Motion and does not propose to participate in the May 14 hearing other than to respond to any questions that may be posed the regarding the Indenture or the indirect holding system.

### B. The Missing Bonds Represent Only A Beneficial Interest In The Notes And The Indenture Trustee Does Not Know The Owner Of The Missing Bonds

8. Under the terms of the Indenture and in accordance with Article 8 of the Uniform Commercial Code, the Missing Bonds represent only a beneficial interest in the Notes, and the Indenture Trustee does not know the owner of the Missing Bonds.

9. Determining the interest represented by the Missing Bonds begins with definitions set forth in the Indenture.

   a. Section 1.01 of the Indenture defines "Holder" as a Person in whose name a Note is registered.

   b. Section 1.01 defines "Global Notes" as the Global Notes deposited with or registered in the name of the Depository.

   c. "Depository" means the Person specified in Section 2.03. Section 2.03 identifies the Depository as Depository Trust Company ("DTC") and identifies the Indenture Trustee as the Registrar for the Bonds.

   d. DTC acts for its "Participants," defined in Section 1.01 of the Indenture as Persons which have an account with DTC.[2]

   e. A Person who holds a beneficial interest in a Global Note through a Participant is defined in Section 1.01 is an "Indirect Participant."

10. The Indenture Trustee affirms that, in accordance with the terms of the Indenture, the Debtor issued Global Certificates which are held by and registered solely in the name of Cede & Co., as nominee of DTC.[3]

---

[2] DTC holds securities through the book-entry system on behalf of financial institutions that contract to become DTC "participants." *See, e.g.*, 15 U.S.C. § 78(b). *See also Royal Park Invs. SA/NV*, 2017 WL 1331288, *6 (S.D.N.Y. 2017) (Securities are "legally held only in the name of a DTC nominee, on behalf of various participant banks and brokerage firms, whose own customers, in turn, are usually the ultimate beneficial owners of the securities."). Section 2.13 of the Indenture provides that the Indenture Trustee and its Agents have no responsibility for any actions taken or not taken by the Depository.

[3] *See also* U.C.C. § 8-207 (issuer or indenture trustee may treat the registered owner as the person exclusively entitled to exercise rights and power).

11. Under the indirect holding system and the Indenture, DTC is the sole Holder of the Notes. As stated at the May 2, 2024, hearing, the Indenture Trustee cannot identify the beneficial holder of the Missing Bonds.

12. Article 8 confirms that the Missing Bonds represent only a beneficial interest in the Notes. Article 8 defines such an interest as a "securities entitlement," and the holder of such interest has no ownership interest in the Notes. DTC is a "securities intermediary" for holders of securities entitlements, and such persons are "entitlement holders." S*ee* U.C.C. § 8-102(a)(7, 14, 17). As the legal and registered Holder of the Notes, Cede & Co. has the only ownership interest as to which the Indenture has direct knowledge. *See* U.C.C., Art. 8, Prefatory Note, § I.D.

13. DTC participants act for their customers—typically brokers. The participants hold "security entitlements," as opposed to actual securities, for the benefit of their customers. Each DTC participant is an entitlement holder, holding a security entitlement to a *pro rata* share of the security held by DTC in its capacity as the participant's securities intermediary. As entitlement holders, DTC's participants do not have a "claim to a specific identifiable thing"; rather, the participants' security entitlements constitute "a package of rights and interests" that the participants have against DTC—the participants' securities intermediary—and the security held by DTC. U.C.C. § 8-503 cmt. 1. DTC has "no insight into" the relationship between each participant and its customers. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 391-92 (S.D.N.Y. 2018); *see also* UCC § 8-505, Official Comment 1.

14. The brokers similarly are entitlement holders who hold securities entitlements against their participants. The brokers hold these security entitlements for their customers, which may be other brokers or the ultimate investors.

15. The ultimate investors also are entitlement holders, each having an entitlement to a *pro rata* share of the undivided interest of its securities intermediary (its broker) in the broker's entitlement to a *pro rata* share in its participant's *pro rata* interest in the actual security.

16. The investor in the Missing Bonds does not own any Notes and, under Article II of the Indenture and U.C.C. Article 8, it has no direct right to payment on account of the Notes. *See generally* Indenture, Article II.

### C. Funds Must Be Held Subject To UMB's Rights, Claims, Liens, and Security Interests

17. In accordance with the Indenture and the Security Agreement, any amounts that may be payable on account of Notes or any interest therein constitute Collateral, subject to the liens and security interests of the Indenture Trustee and the Collateral Agent.

18. Under the terms of the Indenture, the Indenture Trustee and the Collateral Agent retain a first priority interest, also know as a "charging lien," giving them a first priority right to payment of fees, expenses, and other amounts payable under the terms of the Indenture.[4]

19. In accordance with the Indenture and the Security Agreement, any Order granting the TRO Motion should confirm that any distributions made on account of the Missing Bonds and paid into the registry of the Court remain subject to the liens and security interests of the Indenture Trustee and the Collateral Agent.

---

[4] *See* Indenture § 6.10. *See also* Indenture § 7.07 (the Company must pay fees and expenses of the Indenture Trustee, including costs and expenses relating to enforcement of the Indenture, and the Indenture Trustee holds a Lien prior to the Notes on money held or collected by the Trustee; Indenture §§ 7.01(e) and 7.02(f) (Indenture Trustee has no obligation to expend or risk its own funds or incur any liability absent, *inter alia*, indemnity satisfactory to the Trustee);

6

**D. Cancellation of Bonds**

20.  Section 2.11 of the Indenture governs cancellation of Notes surrendered to the Indenture Trustee for that purpose.  Any cancellation of the Missing Bonds must follow the procedure set forth in the Indenture.

21.  Consistent with the preceding section of this Response, if and when the Court determines that the Missing Bonds should be cancelled, any funds relating to the Missing Bonds and paid into Court should be returned to the Indenture Trustee for distribution in accordance with the Indenture.

## CONCLUSION

21.  For reasons set forth above, any Order granting the TRO Motion should provide that funds paid into the registry of the Court are held subject to the rights, claims, liens, and security interests of the Indenture Trustee and the Collateral Agent, that upon cancellation of the Missing Bonds any such funds should be returned to the Indenture Trustee for distribution in accordance with the Indenture, and that nothing in such Order imposes any obligations on the Indenture Trustee or the Collateral Agent beyond the terms of the Indenture and related documents.

By: */s/ Keith M. Aurzada*
Keith M. Aurzada
Texas Bar No. 24009880
Reed Smith, LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
(214) 498-4279
kaurzada@reedsmith.com

and

By: /s/ Eric A. Schaffer
Eric A. Schaffer, Esquire
Stonecipher Law Firm
125 First Avenue
Pittsburgh, PA 15222
(412) 391-8510
eschaffer@stonecipherlaw.com

*Counsel to UMB Bank, National Association, as indenture trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2024, a true and correct copy of the above foregoing document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service through same.

      */s/ Keith M. Aurzada*_____
      Keith M. Aurzada