

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed May 2, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § § | |
| Plaintiff, | § § | ADVERSARY PROCEEDING NO: 23-03090-mvl |
| v. | § § | |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC, *et. al.*, | § § § | |
| Defendants. | § | |

## ORDER SETTING TRO HEARING AND PERMITTING FILINGS UNDER SEAL

CAME ON FOR HEARING on the 1st day of May, 2024, the *Trustee's Motion: (i) for Emergency Hearing on TRO; (ii) to File Documents Under Seal; and (iii) for Limited, Expedited*

ORDER SETTING TRO HEARING AND PERMITTING FILINGS UNDER SEAL—Page 1

*Discovery* (the "Motion") (Dkt. No. 30), filed by Scott M. Seidel, Trustee (the "Trustee"), the trustee of Goodman Networks, Inc. (the "Debtor"), the debtor in the above styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case") and the plaintiff in the above styled and numbered adversary proceeding (the "Adversary Proceeding").

Having considered the Motion and the arguments of counsel, and finding sufficient cause for the entry of this Order, it is hereby:

ORDERED that the Motion is GRANTED as set forth herein; it is further

ORDERED that an in-person hearing shall be held before this Court on **May 14, 2024 at 9:30 a.m.** on the *Trustee's Emergency Motion for Temporary Restraining Order, Expedited Discovery, and Preliminary Injunction, and Brief In Support Thereof* (the "Underlying Motion") (Dkt. No. 29); it is further

ORDERED that any responses to the Underlying Motion shall be filed by no later than **May 10, 2024 at 5:00 p.m. Central Time**; it is further

ORDERED that, if any response contains information deemed "confidential" pursuant to an existing protective order, any party to the Underlying Motion may file any evidence or document in support thereof or in opposition thereto under seal, including with respect to any preliminary injunction hearing that may be held on the Underlying Motion, by delivering the same to the Clerk of the Court with a copy of this Order in an envelope with the style of this Adversary Proceeding, and upon such other procedures as the Clerk directs; it is further

ORDERED that, in addition to the above procedure, a redacted version of any pleading containing "confidential" information shall be filed on the Court docket; it is further

ORDERED that the foregoing authorization to file documents or pleadings under "seal" will not proscribe any argument being made as to whether such documents shall remain sealed for purposes of any hearing; it is further

ORDERED that UMB Bank, N.A., in its capacity as the Indenture Trustee for the Goodman Networks Incorporated 8% Senior Secured Notes Due 2022, shall, if it intends to make a distribution to the holders of said notes prior to May 15, 2024, file on the docket of the Bankruptcy Case a notice of its intention to do so and the date that it intends to do so, whereafter the Trustee is directed to inform the Court of the same; it is further

ORDERED that, in such event, given that the same could arguably adversely affect property of the estate, the Court reserves the right to schedule a hearing on whether the Indenture Trustee shall be authorized to proceed with its intended distribution within twenty-four (24) hours of such notice. Counsel to the Indenture Trustee is expected to make himself available at such hearing; and it is further

ORDERED that, although informal discovery is not proscribed, the Court will address further formal discovery at the hearing on May 14, 2024 and expects the parties to confer in good faith with regard to the Underlying Motion in preparation for the hearing.

# # #  END OF ORDER  # # #