

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 26, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE, and GNET ATC, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adv. Proc. No. 23-03072 |
| 18920 NW 11th LLC, *et al.*, | § § § | |
| Defendants. | § § § § | |
| SCOTT M. SEIDEL, TRUSTEE | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Adv. Proc. No. 23-03090 |

| | | |
|---|---|---|
| HUDSON CLEAN ENERGY ENTERPRISES, LLC, *et al.*, | § § § § | |
| Defendants. | § § | |
| SCOTT M. SEIDEL, TRUSTEE, and GNET ATC, LLC | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Adv. Proc. No. 24-03022 |
| GENESIS NETWORKS GLOBAL SERVICES, LLC; and JAMES GOODMAN, | § § § § § | |
| Defendants. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § | |
| Plaintiff, | § § | |
| v. | § | Adv. Proc. No. 24-03054 |
| SYMBIONT VENTURES, LLC | § § § | |
| Defendant. | § § | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION TO CONSOLIDATE FOR PRETRIAL MATTERS**

CAME ON FOR HEARING on November 25, 2024 the *Motion to Consolidate for Pretrial Matters* (the "Motion") filed by James Goodman ("J.E. Goodman"), People NQ, Inc. ("People NQ"), JJC & People, LLC ("JJC"), GDMN Family Investments 2, LLC ("GDMN"), Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC ("Symbiont") and Genesis Networks Global Services, LLC ("GNGS," and together with J.E. Goodman, People NQ, JJC, and GDMN, the "Movants") in the above-styled and numbered adversary proceedings (the "Adversary Proceedings").

By the Motion, the Movants sought to consolidate for pre-trial purposes Adversary Proceeding Numbers 23-03072, 23-03090, 24-03022, and 24-03054. In response to the Motion, Scott M. Seidel (the "Trustee"), the duly-appointed chapter 7 trustee of Goodman Networks, Inc. (the "Debtor") and a plaintiff in the Adversary Proceedings in his capacity as trustee, filed his *Limited Objection to the Motion to Consolidate for Pretrial Matters* (the "Objection"), seeking denial of the relief requested in the Motion as to Adversary Proceeding Numbers 24-03022 and 24-03054.

Having considered the Motion, the Objection, the arguments of counsel, and for the reasons more particularly set out by the Court on the record of said hearing, it is hereby:

ORDERED that the Motion is GRANTED in part and DENIED in part as provided for herein; it is further

ORDERED that Adversary Proceeding Numbers 23-03072 and 23-03090 (the "Consolidated Proceedings") are hereby consolidated for pre-trial purposes only; it is further

ORDERED that, for the purposes of pre-trial scheduling, the Consolidated Proceedings shall be jointly governed as set out in the *Amended Agreed Scheduling Order* entered in Adversary Proceeding Number 23-03072 [Docket No. 92] as agreed by the parties; it is further

ORDERED that all pre-trial motions and filings relating to the Consolidated Proceedings shall be filed using the following caption:

| | | |
|---|---|---|
| In re: | § § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § § | (Chapter 7) |
| Debtor. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE, and GNET ATC, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adv. Proc. No. 23-03072 |
| 18920 NW 11th LLC, *et al.*, | § § § | |
| Defendants. | § § § | |
| SCOTT M. SEIDEL, TRUSTEE | § § | |
| Plaintiff, | § § § | |
| v. | § § | Adv. Proc. No. 23-03090 |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

it is further

ORDERED that Adversary Proceeding Number 24-03022 shall not be consolidated for pre-trial purposes with the Consolidated Proceedings; it is further

ORDERED that Adversary Proceeding Number 24-03054 shall not be consolidated for pre-trial purposes with the Consolidated Proceedings; it is further

ORDERED that nothing in this Order shall be construed to prejudice or otherwise limit the Movants, or any other party to the Adversary Proceedings, from seeking consolidation of the Adversary Proceedings for trial when such relief may be appropriate; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to enforce and interpret this Order.

# # # END OF ORDER # # #