IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-31641-mvl-7 |
| GOODMAN NETWORKS, INC., | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, and | § | |
| GNET ATC, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. 23-03072 |
| | § | |
| 18920 NW 11th LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| SCOTT M. SEIDEL, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 23-03090 |
| | § | |
| HUDSON CLEAN ENERGY | § | |
| ENTERPRISES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF TRUSTEE'S MOTION TO COMPEL
WRITTEN DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS
FROM JAMES GOODMAN, GOODMAN INVESTMENT HOLDINGS, LLC,
GENESIS NETWORKS GLOBAL SERVICES, LLC, PEOPLE NQ, INC., JJC &
<u>PEOPLE, LLC, AND GDMN FAMILY INVESTMENTS 2, LLC</u>**

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
Conor P. White
Texas Bar No. 24125722
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 4000
Dallas, Texas 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com
cwhite@munsch.com

**COUNSEL FOR SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................1

II.     BACKGROUND ................................................................................................................2

        A.      The Complaints.................................................................................................2

        B.      Background of the Discovery Dispute ....................................................................4

III.    ARGUMENTS AND AUTHORITIES...............................................................................7

        A.      The Hudson Defendants Must Amend Their Responses to Comply with Heller....9

                i.      The Defendants improperly objected on the basis of overbreadth and
                        relevance. ...................................................................................................9

                ii.     The Hudson Defendants improperly objected on the basis of post-
                        judgment discovery..................................................................................12

                iii.    Goodman improperly refused to response to an interrogatory on the basis
                        that it called for a legal conclusion. .........................................................15

                iv.     The Hudson Defendants gave incomplete answers to numerous
                        interrogatories. .........................................................................................16

        B.      The 18920 Defendants' Production Was Deficient ...............................................18

IV.     REQUEST FOR SANCTIONS .........................................................................................23

V.      PRAYER............................................................................................................................25

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adkins Supply Co.*,
    555 B.R. 579 (Bankr. N.D. Tex. 2016)....................................................................16

*Apollo MedFlights, LLC v. BCBS*,
    No. 2:18-CV-166-Z-BR, 2020 WL 520608 (N.D. Tex. Jan. 13, 2020)....................................9

*Eubank v. Lockhart Independent School District*,
    A-15-CV-1019-RP-ML, 2016 WL 11214437 (W.D. Tex. Nov. 8, 2016)..............................16

*Heller v. City of Dallas*,
    303 F.R.D. 466 (N.D. Tex. 2014) ................................................................... *passim*

*Janvey v. Proskauer Rose LLP*,
    Case No. 3:13-CV-477-N-BG, 2017 WL 11499756 (N.D. Tex. June 19, 2017) ...................15

*Lakeland Partners, LLC v. U.S.*,
    88 Fed. Cl. 124 (Ct. Fed. Cl. 2009)......................................................................16

*Mintex, Inc. v. Professional Accounting Mgmt., LLC*,
    No. 3:23-CV-301-B-BK, 2024 WL 1481057 (N.D. Tex. Feb. 26, 2024)........................11, 18

*Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*,
    2 F.3d 1397 (5th Cir. 1993) ...............................................................................14

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)......................................................................................14

*Quantas Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC*,
    3:23-cv-891-K, 2024 WL 1520568 (N.D. Tex. April 8, 2024) ............................................11

*Samsung Elecs. Am. Inc. v. Chung*,
    321 F.R.D. 250 (N.D. Tex. 2017) ...............................................................11, 18, 21

*Seastrunk v. Entegris, Inc.*,
    No. 3:16-cv-2795-L, 2017 WL 6406627 (N.D. Tex. Dec. 15, 2017) .......................................9

*U.S. ex rel. Simms v. Austin Radiological Ass'n*,
    292 F.R.D. 378 (W.D. Tex. 2013) ........................................................................18

*Stafford v. New Diary Tex., LLC*,
    No. 3:23-CV-272-N, 2024 WL 2927719 (N.D. Tex. June 10, 2024).....................................11

*Wood v. Todd Shipyards*,
    45 F.R.D. 363 (S.D. Tex. 1968) ................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ....................................................................................................11

Fed. R. Civ. P. 34(a) ..................................................................................................14, 18

Fed. R. Civ. P. 34(a)(1)(A) ..............................................................................................18

Fed. R. Civ. P. 34(b)(2)(B)–(C) .........................................................................................9

Fed. R. Civ. P. 34(b)(2)(E)(i) ...........................................................................................18

Fed. R. Civ. P. 37(a)(1)–(4) ...............................................................................................8

Fed. R. Civ. P. 37(a)(3)–(5) .............................................................................................24

Fed. R. Civ. P. 37(a)(4) ....................................................................................................16

Fed. R. Civ. P. 37(a)(5)(A) ..............................................................................................24

Federal Rule of Bankruptcy Procedure 7037 ......................................................................8

Federal Rule of Civil Procedure 33(a)(2) ...................................................................14, 15

Federal Rule of Civil Procedure 34(b)(2) ...........................................................................9

Federal Rule of Civil Procedure 37 ......................................................................8, 17, 23

Federal Rule of Civil Procedure 69 ...................................................................................14

Rule 26(b) ...................................................................................................................14, 18

Rule 26(g) ...................................................................................................................22, 23

Rule 33 ..............................................................................................................................16

Rule 33(b)(3) .....................................................................................................................16

Rule 33 and Rule 34 ..........................................................................................................12

Rule 34 ......................................................................................................................8, 14, 18

Rule 34(b)(1)(C) ................................................................................................................18

Rule 37(a)(3)(B) ................................................................................................................22

Rules 26, 33 ......................................................................................................................14

Rules 33 and 34............................................................................................................................14

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

Scott M. Seidel, the duly-appointed chapter 7 trustee (the "Trustee") for Goodman Networks, Inc. (the "Debtor"), files this brief in support of his *Trustee's Motion to Compel Written Discovery Responses and Production of Documents from James Goodman, Goodman Investment Holdings, LLC, Genesis Networks Global Services, LLC, People NQ, Inc., JJC & People, LLC, and GDMN Family Investments 2, LLC* (the "Motion"), in support of which the Trustee would respectfully show as follows:

## I.   INTRODUCTION

1.     The Trustee sued James Goodman ("Goodman"), Goodman Investment Holdings, LLC n/k/a Symbiont Ventures, LLC ("GIH"), Genesis Networks Global Services, LLC ("Genesis Global," together with Goodman and GIH, the "Hudson Defendants"), People NQ, Inc. ("People"), JJC & People, LLC ("JJC"), and GDMN Family Investments 2, LLC ("GDMN," together with Goodman, People, JJC, and GDMN, the "18920 Defendants," and collectively the "Defendants"), among others, to recover for their knowing participation in James Frinzi's ("Frinzi") multiple breaches of his fiduciary duties, and for avoidance and recovery of fraudulent transfers.  Since the inception of the multiple lawsuits, Case Numbers 23-03072 (the "18920 Litigation") and 23-03090 (the "Hudson Litigation," and together with the 18920 Litigation, the "Adversary Proceedings") have been consolidated for pre-trial and discovery purposes pursuant to an order of this Court.  The Trustee has had to move to compel the production of written discovery and production of documents multiple times in the Adversary Proceedings.  Despite the clear directive found in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), the Hudson Defendants allege, in boilerplate objections, that the Trustee's document requests are overbroad, irrelevant, and

improperly seek production of post-judgment discovery, while the 18920 Defendants failed to properly produce documents as requested.

2.      In response to multiple discovery requests served in the Hudson Litigation, the Defendants identify multiple times that documents have been withheld on the basis of these unfounded objections. *See e.g.* Appx. 255-258.[1]  Moreover, in documents produced pursuant to a second round of discovery served in the 18920 Litigation, no objections are lodged, but the documents produced fail to properly produce the documents requested pursuant to the discovery requests.  The Defendants' discovery responses are not in the spirit of removing surprise from trial preparation and enabling the parties to narrow issues as they prepare for trial.  *See Wood v. Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968).  To that end, the Trustee seeks relief from this Court to enable the Trustee to appropriately prepare for trial.

## II.      BACKGROUND

### A.      THE COMPLAINTS

3.      On August 5, 2023, the Trustee filed his *Original Complaint* in the 18920 Litigation (18920 ECF No. 1), which sets forth claims and causes of action against Goodman, GDMN, People, and JJC, among others.   Following motion-to-dismiss practice, the Trustee filed his *Trustee's Amended Complaint* (18920 ECF No. 23, the "18920 Complaint") to properly apprise the Defendants of the Trustee's allegations against them.  Accordingly, the Trustee is now entitled to the same courtesy from the Defendants–discovery of facts which support and negate the Trustee's claims.

---

[1] References to "Appx. #" refer to the *Appendix in Support of Trustee's Motion to Compel Written Discovery Responses and Production of Documents from James Goodman, Goodman Investment Holdings, LLC, Genesis Networks Global Services, LLC, People NQ, Inc., JJC & People, LLC, and GDMN Family Investments 2, LLC*, which is being filed contemporaneously with this brief.

4.       The factual allegations and basis of the 18920 Complaint have been recited at length in multiple of the Trustee's filings with the Court.  At a high level, the Complaint alleges that Goodman sought to take for himself whatever value the Debtor had left, knowing that the Debtor could not pay its debts, much less its secured bonds.  18920 Compl. ¶ 39, Appx. 9.  This scheme was enacted through Goodman's use of GDMN, JJC, and People, who owned much of the Debtor's preferred shares, in a back-to-back sale transaction with 18920 NW 11th, LLC ("18920"), funded by the Debtor's and GNET ATC, LLC's ("GNET") cash upon the exercise of a nonexistent mandatory redemption right.  18920 Compl. ¶ 81, Appx. 19.

5.       Over the span of 24 hours, several of the Defendants, along with 18920 NW 11th, LLC ("18920"), executed multiple documents culminating in transfers on March 11 and 15, 2022, where the Debtor and GNET transferred $13,474,075.00 to 18920.  18290 then transferred $10 million to Goodman personally, rather than GDMN, JJC, and People, as purported payment under the stock purchase agreements.

6.       On November 7, 2023, the Trustee filed his *Original Complaint* in the Hudson Litigation (Hudson ECF No. 1, the "Hudson Complaint") against Goodman, GIH, and Genesis Global.  At its core, the Hudson Complaint focuses on a transaction centered around certain bonds issued by the Debtor and held by Goodman, through GIH and Genesis Global, in a similar back-to-back transaction structure.  On February 3, 2022, GIH and Genesis, as sellers, and one of the other defendants, as buyer, entered into a *Bond Purchase Agreement* whereby GIH and Genesis would sell their bonds for a cumulative total of $11,131,953.00, constituting thirty-five percent (35%) of the bonds' face value.  Hudson Compl. ¶¶ 49-51, Appx. 43.

7.       However, the seller, lacking the funds or apparently unwilling to advance its own, received $17,032,060.00 of the Debtor's funds to fulfill the purchase of the bonds to be sold by

GIH and Genesis. Hudson Compl. ¶ 57, Appx. 44. The difference between the sale price by GIH and Genesis and the funds advanced by the Debtor is believed to have been kept by one or more of the named defendants in the Hudson Litigation pursuant to that certain *Agency Agreement* dated February 3, 2022, between Alliance Texas Partners and Hudson Clean Energy Partners. Hudson Compl. ¶¶ 54, 58, Appx. 43-44.

8.      This transaction and transfer of funds occurs on February 3, just two days after Goodman ostensibly resigns from the Debtor's board (a fact the trustee disputes, or alternatively asserts is a sham). Hudson Compl. ¶¶ 21-22, Appx. 37-38. As is the case with the 18920 Litigation, the transaction at issue occurs in early 2022, with the assistance of Frinzi (at Goodman's direction), using an intermediary to give the appearance of propriety, all with the intention for Goodman to enrich himself with the Debtor's funds.

9.      The Trustee seeks to recover the assets the Debtor transferred, or their value, as fraudulent transfers, and to hold Goodman responsible as the architect of these transactions to the detriment of the Debtor. Moreover, given the nature of the transactions at issue, the interrelatedness of entities, the common control of Goodman over many entities related to the Adversary Proceedings, and the pattern of obfuscating the transfer of funds, information and discovery related to Goodman's plans and subsequent use of the funds is critical to the Trustee's recovery of the fraudulently transferred assets.

B.    **BACKGROUND OF THE DISCOVERY DISPUTE**

10.      On June 10, 2024, the Trustee served the following interrogatories and requests for production on the Hudson Defendants:

| Tab | Description | Appx. |
|-----|-------------|-------|
| 3 | *Trustee's First Set of Requests for Production to Defendant James Goodman* | 59 |
| 4 | *Trustee's First Set of Interrogatories to Defendant James Goodman* | 93 |

| Tab | Description | Appx. |
|---|---|---|
| 5 | *Trustee's First Set of Requests for Production to Defendant Goodman Investment Holdings, LLC* | 122 |
| 6 | *Trustee's First Set of Interrogatories to Defendant Goodman Investment Holdings, LLC* | 156 |
| 7 | *Trustee's First Set of Requests for Production to Defendant Genesis Networks Global Services, LLC* | 186 |
| 8 | *Trustee's First Set of Interrogatories to Defendant Genesis Networks Global Services, LLC* | 220 |

11.    After the Trustee gave them additional time to respond, Goodman, GIH, and

Genesis served the following responses on July 26, 2024:

| Tab | Description | Appx. |
|---|---|---|
| 9 | *James Goodman's Objections and Responses to Trustee's First Set of Requests for Production to Defendant James Goodman* | 250 |
| 10 | *James Goodman's Objections and Responses to Trustee's First Set of Interrogatories to Defendant James Goodman* | 260 |
| 11 | *Goodman Investment Holdings, LLC's Objections and Responses to Trustee's First Set of Requests for Production to Defendant Goodman Investment Holdings, LLC* | 269 |
| 12 | *Goodman Investment Holdings, LLC's Objections and Responses to Trustee's First Set of Interrogatories to Defendant Goodman Investment Holdings, LLC* | 278 |
| 13 | *Genesis Networks Global Services, LLC's Objections and Responses to Trustee's First Set of Requests for Production to Defendant Genesis Networks Global Services, LLC* | 287 |
| 14 | *Genesis Networks Global Services, LLC's Objections and Responses to Trustee's First Set of Interrogatories to Defendant Genesis Networks Global Services, LLC* | 296 |

12.    On November 8, 2024, the Trustee's counsel transmitted a detailed letter to counsel

for Goodman, GIH, and Genesis outlining numerous deficiencies in their written responses and

noting the lack of any document production (the "Discovery Letter").  Appx. 305.  After granting

the Hudson Defendants additional time to respond to the Discovery Letter, no formal response was

received.  To date, the Defendants have failed to cure the deficiencies set forth in the Discovery Letter.

13.    Separately, on August 21, 2024, the Trustee served the following requests for production on Goodman, People, JJC, and GDMN:

| Tab | Description | Appx. |
|-----|-------------|-------|
| 16 | *Trustee's Second Set of Requests for Production to Defendant James Goodman* | 312 |
| 17 | *Trustee's Second Set of Requests for Production to Defendant People NQ, Inc.* | 323 |
| 18 | *Trustee's First Second Set of Requests for Production to Defendant JJC & People, LLC* | 333 |
| 19 | *Trustee's First Second Set of Requests for Production to Defendant GDMN Family Investments 2, LLC* | 343 |

14.    After the Trustee gave them additional time to respond, Goodman, People, JJC, and GDMN served the following responses on December 6, 2024:

| Tab | Description | Appx. |
|-----|-------------|-------|
| 20 | *James Goodman's Responses to Trustee's Second Set of Requests for Production to Defendant James Goodman* | 353 |
| 21 | *People NQ, Inc's Responses to Trustee's Second Set of Requests for Production to Defendant People NQ, Inc.* | 359 |
| 22 | *JJC & People, LLC's Responses to Trustee's First Second Set of Requests for Production to Defendant JJC & People, LLC* | 364 |
| 23 | *GDMN Family Investments 2, LLC's Responses to Trustee's First Second Set of Requests for Production to Defendant GDMN Family Investments 2, LLC* | 369 |

15.    On December 17, 2024, the undersigned conferred with counsel for the Defendants to discuss these issues on a telephone call to which the Defendants indicated they were opposed to the requested relief, and the Trustee's counsel provided a request relating to the issues outlined in the 18920 Litigation discovery via email on December 18, 2024.  Appx. 374.  As of the filing of this Motion and Brief, the 18920 Defendants have not cured the identified deficiencies.

## III.    <u>ARGUMENTS AND AUTHORITIES</u>

16.    Judge Horan's opinion in *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014),

represents the definitive authority on responding to discovery in this District.  The District Court

provided the following rules to govern written discovery responses:

> So-called boilerplate or unsupported objections—even when asserted in response
> to a specific discovery request and not as part of a general list of generic objections
> preceding any responses to specific discovery requests—are … improper and
> ineffective and may rise (or fall) to the level of what the Fifth Circuit has described
> as "an all-too-common example of the sort of 'Rambo tactics' that have brought
> disrepute upon attorneys and the legal system."

> \* \* \*

> A party served with written discovery must fully answer each interrogatory or
> document request to the full extent that it is not objectionable and affirmatively
> explain what portion of an interrogatory or document request is objectionable and
> why, affirmatively explain what portion of the interrogatory or document request is
> not objectionable and the subject of the answer or response, and affirmatively
> explain whether any responsive information or documents have been withheld.

> \* \* \*

> [R]esponding to a document request or interrogatory "subject to" and "without
> waiving" objections is not consistent with the Federal Rules or warranted by
> existing law or by a nonfrivolous argument for extending, modifying, or reversing
> existing law or for establishing new law.

> \* \* \*

> If a discovery request is overbroad, the responding party must, to comply with Rule
> 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to
> the extent that it is not—and explain the scope of what the responding party is
> answering or responding to.

> \* \* \*

> Similarly, if answering or responding to a discovery request would impose an undue
> burden, the responding party must, as discussed below, properly substantiate that
> assertion and then should only answer or respond to the part or extent, if any, of the
> request that would not involve an undue burden.

*Heller*, 303 F.R.D. at 383–92.  During the past ten years, courts have cited this opinion more than

300 times, including at least 165 times in the Northern District of Texas alone.

17.     When a party fails to meet its discovery obligations, Federal Rule of Civil Procedure 37, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7037, provides in relevant part as follows:

**(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) ***In General.***  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

\* \* \*

(3) ***Specific Motions.***

\* \* \*

**(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

\* \* \*

(iii) a party fails to answer an interrogator submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

\* \* \*

(4) ***Evasive or Incomplete Disclosure, Answer, or Response.***  For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

FED. R. CIV. P. 37(a)(1)–(4).

18.     In 2015, Federal Rule of Civil Procedure 34 was amended in a manner that "effectively codifies" the *Heller* decision:

**(B)** *Responding to Each Item.*  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection <u>with specificity the grounds for objecting</u> to the request, including the reasons.

**(C)** *Objections.*  <u>An objection must state whether any responsive materials are being withheld on the basis of that objection.</u>  An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B)–(C);  *Seastrunk v. Entegris, Inc.*, No. 3:16-cv-2795-L, 2017 WL

6406627, *11–12 (N.D. Tex. Dec. 15, 2017)  (quoting *Orchestrate HR, Inc. v. Trombetta*, 178 F.

Supp. 3d 476, 507 (N.D. Tex. 2016))  ("General or boilerplate objections are invalid, and

'[o]bjections to discovery must be made with specificity, and the responding party has the

obligations to explain and support its objection.  Amended Federal Rule of Civil Procedure

34(b)(2) effectively codified this requirement, at least in part: 'An objection must state whether

any responsive materials are being withheld on the basis of that objection.  An objection to part of

a request must specify the part and permits inspection of the rest.'").

19.     The Hudson Defendants' responses violate a host of rules set forth in *Heller*, while

the 18920 Defendants' production is deficient, and the Trustee is entitled to proper responses that

comply with the rules.  The Trustee is also entitled to production of any documents withheld on

account of improper objections.

A.      **THE HUDSON DEFENDANTS MUST AMEND THEIR RESPONSES TO COMPLY WITH *HELLER***

  **i.     *The Defendants improperly objected on the basis of overbreadth and relevance.***

20.     In response to several of the Trustee's requests for production in the Hudson

Litigation, Goodman made the following boilerplate objection:

> Goodman objects to this request because it is overly broad and irrelevant.  The
> Trustee has not established why all communications between Goodman and [the
> third party] regarding the Debtor are relevant or material to this dispute.
> Documents are being withheld from production based on the foregoing objection.

*See, e.g.*, Appx. 256 (hereinafter referred to as the "Boilerplate Objection").  *Heller* prohibits this

type of objection, and directs that such an objection does not preserve the Defendants' right to

object and withhold discovery.  *See Apollo MedFlights, LLC v. BCBS*, No. 2:18-CV-166-Z-BR,

2020 WL 520608, at *6 (N.D. Tex. Jan. 13, 2020)  ("The objection is general, boilerplate language

and does not preserve the relevancy objection.").

21.    Goodman asserted the Boilerplate Objection in response to the following requests

for the production of documents made by the Trustee:

| Defendant | Request No. |
|---|---|
| **Goodman** **Ex. 9** | **13.** All Documents and Communications between You and Bobby Forshey or any other attorney or person at Forshey Prostok, LLP regarding the Debtor. You are reminded that the Trustee has waived the privilege for this. |
| | **14.** All Documents and Communications between You and Sierra Constellation Partners, LLC regarding the Debtor. |
| | **15.** All Documents and Communications between You and Joseph Baum or CFGI, LLC regarding the Debtor. |
| | **16.** All Documents and Communications between You and Winstead, PC regarding the Debtor.[2] |
| | **17.** All Documents and Communications between You and any sibling of Yours, including John Goodman, from December 1, 2021 through June 1, 2022, regarding the Debtor, the Bonds, GIH, or Genesis. |
| | **18.** All Documents and Communications between You and any shareholder, member, owner, or investor in GIH or Genesis, from December 1, 2021 through June 1, 2022, regarding the Debtor or the Bonds. |
| | **19.** All Documents and Communications between You and T. Denny Sanford regarding the Debtor, the Bonds, GIH, or Genesis, prior to June 1, 2022. |

Appx. 256-258.  It is noted that, in response to Request Numbers 17 and 18, the Boilerplate

Objection is lodged with the caveat that documents related to the Bonds will be produced.

However, the Responses provide no indication how that determination was made, and the Trustee

asserts that the requests were sufficiently and reasonably tailored even absent the limitation set

forth in the objection.

22.    In the Boilerplate Objection, Goodman asserts that the Trustee's Requests are

overly broad and not reasonably calculated to lead to the discovery of admissible evidence relevant

---

[2] The Trustee notes the response to this request includes an invocation of attorney-client privilege. To the extent documents are withheld on the basis of privilege, the Trustee makes no assertion to compel, but seeks the turnover of any non-privileged documents that are responsive to the requests.  The Trustee makes the same request as to any potentially non-privileged documents as noted in Goodman's responses to RFP Nos. 4 and 12 in the Hudson Litigation; Genesis's responses to RFP Nos. 5, 9, 19, and 23; and GIH's responses to RFP Nos. 5, 6, 9, and 19.

to the Trustee's claims. In an action to recover avoidable transfers and for breach of fiduciary duty, the Trustee has a hard time divining the good faith basis for a relevance objection as to communications relating to the Debtor, the transactions at issue, and the Hudson Defendants.

23.     The threshold is relevance, not admissibility. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Relevance is a broad concept. *See Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). "[A] document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant." *Stafford v. New Diary Tex., LLC*, No. 3:23-CV-272-N, 2024 WL 2927719, at *2 (N.D. Tex. June 10, 2024). "Relevance is interpreted broadly to include 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Mintex, Inc. v. Professional Accounting Mgmt., LLC*, No. 3:23-CV-301-B-BK, 2024 WL 1481057, at *2 (N.D. Tex. Feb. 26, 2024) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)).

24.     The burden lies with Goodman to explain "how the objected-to responses seek documents that are not relevant." *Quantas Healthcare Mgmt., LLC v. Sun City Emergency Room, LLC*, 3:23-cv-891-K, 2024 WL 1520568, at *3 (N.D. Tex. April 8, 2024). Instead, Goodman attempts to flip the burden on the Trustee to establish why the requested documents are relevant to the Hudson Litigation before, evidently, acquiescing to the production of the requested documents. Because Goodman has not even attempted to explain the basis of his relevance objection, the Court should overrule the Boilerplate Objection. *See id*.

25.     Goodman also asserts that the Trustee's requests are overbroad. "If a discovery request is overbroad, the responding party must, to comply with Rule 33 and Rule 34, explain the

extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to." *Heller*, 303 F.R.D. at 488. "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive." *Id*. at 490. "This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id*.

26.     Despite asserting the Boilerplate Objection many times, Goodman never once explains why the Trustee's request exceed the limits of discovery in direct violation of *Heller*. Moreover, Goodman does not provide documents in a manner that would not be overbroad or relevant, except in response to Requests 17 and 18.  The objections have therefore been waived, and the Court should overrule them and compel appropriate responses and production.

### ii.      *The Hudson Defendants improperly objected on the basis of post-judgment discovery.*

27.     In addition to relevance objections materially the same as above, the Hudson Defendants assert numerous objections to the Trustee's requests for production on the basis that they are improper and premature requests for discovery in the aid of execution, substantially in the form as follows:

> Goodman objects to this request as irrelevant and immaterial to the issues in this proceeding….   The items requested have no bearing on the issues in this proceeding.  This request is an improper and premature request in aid of execution prior to any judgment being entered.  Requested documents are being withheld based on these objections.

*See e.g.*, Appx. 258 (hereinafter referred to as the "Execution Objection," and together with the Boilerplate Objection, the "Production Objections").

28.     The Hudson Defendants asserted the Execution Objection in response to the following requests for the production of documents made by the Trustee:

---

| Defendant | Request No. | |
|---|---|---|
| **Goodman**<br>**Ex. 9** | **20.** | Any guarantee by You of any debt of GIH or Genesis in pace at any time between January 1, 2022 and June 1, 2022 and, for each such guarantee, each related promissory note, security instrument, pledge of collateral, deed of trust, financing statement, and each other related agreement or instrument. |
| | **21.** | All Communications between You and any person regarding any guarantee within Request No. 20, between January 1, 2022 and June 1, 2022. |
| | **22.** | All Documents and Communications from or with GIH or Genesis at any time during 2021 and 2022 regarding, related to, or referring to any distribution, dividend, or loan payment to You or to any entity affiliated with You. |
| | **23.** | Your federal income tax return for 2022. |
| **GIH and**<br>**Genesis**<br>**Exs. 11**<br>**and 13**[3] | **16.** | Any Document and Communication regarding, relating to, or referencing any transfer or payment by You to any person from any of the funds received by You pursuant to Bond Purchase Agreement 2, including on account of any loan or obligation of You to any person. |
| | **17.** | To the extent that You used any of the funds transferred to You pursuant to Bond Purchase Agreement 2 to pay down or to pay off any debt obligation You had, all Documents evidencing such obligation, including any promissory note, guarantee instrument, security agreement, deed of trust, U.C.C. financing statement, and account control agreement. |
| | **18.** | All Communications regarding any payment of debt within Request No. 17. |
| | **20.** | Your federal tax returns for 2021 and 2022. |
| | **21.** | Any audit of You or Your financial records for 2022 or any portion thereof. |
| | **22.** | Your balance sheet for 2022 on an annual, quarterly, and monthly basis, or such other periodic basis as You so maintained it in Your ordinary course of business. |

29.    To the extent the Execution Objections include an objection on the basis of relevance or immateriality, the Trustee incorporates his arguments above.  The Trustee interprets the Execution Objections to mean the Hudson Defendants assert that certain types of discovery are only discoverable pursuant to Federal Rule of Civil Procedure 69.  However, this argument is unavailing.  Federal Rule of Civil Procedure 34 provides that a party may serve "on any other party

---

[3] RFP numbers 16, 17, 18, 20, 21, and 22 issued to GIH and Genesis are materially identical, and are identified jointly here.

a request within the scope of Rule 26(b)," including a request for any "designated documents or electronically stored information." Fed. R. Civ. P. 34(a).  Federal Rule of Civil Procedure 33(a)(2) likewise provides that an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

30.     Nothing in Rules 26, 33 or 34 provides that certain types of discoverable information are only discoverable as part of post-judgment discovery pursuant to Rule 69.  If anything, Rule 69 is merely an extension of Rules 33 and 34 as "Rule 69 allows post-judgment discovery to proceed according to the federal rules governing **pre-trial discovery**." *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993) (emphasis added).

31.     Rules 33 and 34 properly encompass information that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" regardless of whether such information may also be used in aid of execution of an eventual judgment. *See Oppenheimer Fund*, 437 U.S. at 351.  The Northern District of Texas has explained, in ruling on a pre-trial discovery request under Rule 34, that:

> [T]he distinction [the responding party] attempts to draw between tracing expenditures for the purpose of imposing a constructive trust versus establishing expenditures as an element of a TUFTA claim is one without a difference…. In other words, a creditor must prove a fraudulent transfer to either recover under TUFTA or impose a constructive trust—discovery used to trace the proceeds involved in such transfers (including the exchange for other assets) simply provides the means by which the fraudulent transfer can be remedied.  The information sought by the Receiver is clearly relevant to his claims asserted herein and proportional to the needs of the case, as it directly impacts issues central to the resolution of the parties' claims and defenses.

*Janvey v. Proskauer Rose LLP*, Case No. 3:13-CV-477-N-BG, 2017 WL 11499756, at *6 (N.D. Tex. June 19, 2017).  This is precisely the issue at play in the Hudson Litigation.

32.     Moreover, the Trustee is entitled to sue subsequent transferees in the same lawsuit, and that is part of what the Trustee is investigating.  Two years later, it is still unclear where the money has actually ended up.  Because the Adversary Proceedings deal with a pattern of serial transfers, the Trustee is entitled to discovery to prevent it from continuously occurring as the Bankruptcy Code and TUFTA permit, often with prejudgment remedies.  This information is unequivocally relevant to the claims at hand.

33.     Even if the Hudson Defendants did attempt to substantiate the Production Objections, the Hudson Litigation presents issues of fact and law related to the systematic looting of the Debtor's assets by the Debtor's insiders and directors.  Given the nature of the claims and the case, documents and communications that assist the Trustee in tracing the Debtor's funds, seeking to hold corporate officers and insiders accountable, and recover assets for the Estate are crucial to the claims and causes of action.  Relevant documents include bank statements, financial documents, communications relating to the Hudson Defendants and their actions, and corporate documents, all of which the Hudson Defendants resist on the basis of their Production Objections.  Accordingly, the Trustee respectfully requests that the Court overrule the Production Objections.

### iii.     *Goodman improperly refused to response to an interrogatory on the basis that it called for a legal conclusion.*

34.     In response to Interrogatory Number 6 issued to Goodman in the Hudson Litigation, Goodman objected on the basis that the interrogatory called for a legal conclusion.  The interrogatory, and response, were as follows:

> **INTERROGATORY NO. 6**: Did You believe that the Debtor was insolvent on February 3, 2022 (meaning did You believe it at the time), as "insolvent" is defined in section 101 of the Bankruptcy Code, and explain the basis for such belief as of such date.

> **RESPONSE**: Objection, this Interrogatory calls for a legal conclusion.  At the time the Bond Purchase Agreement 2 was executed, Goodman did not know what the Bankruptcy Code had to say about insolvency.

Appx. 264.  The text of Federal Rule of Civil Procedure 33(a)(2) is clear: an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  FED. R. CIV. P. 33(a)(2).  This is precisely what Interrogatory Number 6 to Goodman calls for.

35.      As requested here, "opinion and contention interrogatories are used routinely." *See In re Adkins Supply Co.*, 555 B.R. 579, 591 (Bankr. N.D. Tex. 2016).  Indeed, an objection to an interrogatory on the basis that it may call for a legal conclusion is "per se improper under the Rules." *Eubank v. Lockhart Independent School District*, A-15-CV-1019-RP-ML, 2016 WL 11214437, at *3 (W.D. Tex. Nov. 8, 2016).  A party cannot "undeservedly refuse[] to answer because the answers would include a legal conclusion," as such an objection is "baseless under Rule 33." *Id.*

36.      Legal objection and expert opinion or analysis aside, Goodman's subjective belief and *mens rea* related to the Debtor's insolvency at the time of the transaction matter just as much, especially as it relates to potential breaches of Goodman's fiduciary duties.

37.      Accordingly, the Trustee respectfully requests that the Court order Goodman to amend his response to Interrogatory Number 6 in the Hudson Litigation.

> ### iv.      *The Hudson Defendants gave incomplete answers to numerous interrogatories.*

38.      The remaining Hudson Defendants (GIH and Genesis) also failed to fully and fairly answer the Trustee's interrogatories. "Rule 33(b)(3) requires that the responding party must answer each interrogatory 'to the extent it is not objected to.'"  *Heller*, 303 F.R.D. at 487 (citing Fed. R. Civ. P. 33(b)(3)).  "The responding party 'must provide true, explicit, responsive, complete,  and candid answers to interrogatories.'"  *Lakeland Partners, LLC v. U.S.*, 88 Fed. Cl. 124, 132 (Ct. Fed. Cl. 2009) (quoting *Hansel v. Shell Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996)).  "Interrogatories 'should be answered directly and without evasion in accordance with information

that the answering party possesses after due inquiry.'" *Id.* Furthermore, "an evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.

R. Civ. P. 37(a)(4).

39.    GIH and Genesis did not object to any of the following interrogatories (and

therefore waived any objections) but nevertheless failed to provide complete answers:

> **INTERROGATORY NO. 17 [to Genesis]**:  For each transfer the
> subject of Interrogatory No. 12, admit that such transfer was made to
> You for or on account of antecedent debt owed by the Debtor to You
> on the date of such transfer in the form of the Bonds.  If You disagree,
> explain why.
>
> **RESPONSE**: No.
>
> - The interrogatory response provides no explanation as to why
>   Genesis disagrees with the contention.
>
> **INTERROGATORY NO. 18 [to Genesis]**:  For each transfer the
> subject of Interrogatory No. 12, do You admit that the Debtor made
> such transfer to Alliance (as part of a larger transfer to Alliance) for
> Your benefit.  If You disagree, explain why.
>
> **RESPONSE**: No, Genesis does not admit that the Debtor made any
> transfer to Alliance for Genesis's benefit.
>
> - The interrogatory response provides no explanation as to why
>   Genesis disagrees with the contention.
>
> **INTERROGATORY NO. 17 [to GIH]**:  For each transfer the
> subject of Interrogatory No. 12, admit that such transfer was made to
> You for or on account of antecedent debt owed by the Debtor to You
> on the date of such transfer in the form of the Bonds.  If You disagree,
> explain why.
>
> **RESPONSE**: No.
>
> - The interrogatory response provides no explanation as to why
>   GIH disagrees with the contention.
>
> **INTERROGATORY NO. 18 [to GIH]**:  For each transfer the
> subject of Interrogatory No. 12, do You admit that the Debtor made
> such transfer to Alliance (as part of a larger transfer to Alliance) for
> Your benefit.  If You disagree, explain why.

**RESPONSE**: No, GIH does not admit that the Debtor made any transfer to Alliance for GIH's benefit.

- The interrogatory response provides no explanation as to why GIH disagrees with the contention.

These answers are incomplete, and thus treated as a failure to respond under Rule 37. For the reasons stated above, the Trustee respectfully requests that the Court compel the Defendants to provide complete answers.

## B.   THE 18920 DEFENDANTS' PRODUCTION WAS DEFICIENT

40.      Federal Rule of Civil Procedure 34 provides, in relevant part, that a "party may serve on any other party a request within the scope of Rule 26(b): to produce… any designated documents or electronically stored information… stored in any medium from which the information can be obtained." FED. R. CIV. P. 34(a)(1)(A). Generally, a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i).

41.      Generally, where a party fails to timely object to production requests under Rule 34, objections thereto are waived. *Samsung Electronics America, Inc. v. Yang Kun Chun*, 321 F.R.D. 250, 283 (N.D. Tex. 2017). Even where a responding party has timely served some objections to a Rule 34(a) request, that waiver extends to any grounds not stated in a timely objection. *Id.* at 284 (citing FED. R. CIV. P. 34(b)(2)(B)). Production of documents with missing attachments, responses, and replies "is not sufficient," and a producing party "must produce… available original copies of the responsive emails, as well as any missing attachments, responses, and replies associated with such emails." *Mintex, Inc. v. Professional Accounting Management, LLC*, Civil Case No. 3:23-CV-301-B-BK, 2024 WL 1481057, at *6 (N.D. Tex. 2024).

42.      Redaction of documents is "an alteration of potential evidence, and a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-

redacted part disclosed, and what might be useless to the case." *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (internal quotations and citations omitted). "Furthermore, it is a rare document that contains only relevant information." *Id.* (citing *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011)).

43.     The Trustee's discovery requests to the 18920 Defendants include an instruction, under Rule 34(b)(1)(C), to produce ESI in a specific manner, including e-mails. *See e.g.* Appx. 61-62. Those discovery requests further define "Communication" to include emails, and define "ESI" to include "email messages and their attachments." *See e.g.* Appx. 63, 65.

44.     On December 13, 2024, in response to the Trustee's second set of discovery requests served on August 21, 2024, the 18920 Defendants provided the Trustee with 50 pages of documents – namely, one email, one email chain, and heavily redacted bank statements. *See generally* Appx. 375. Notably, the 18920 Defendants did not object to any of the Trustee's production requests, instead either indicating that additional documents would be produced on December 13, 2024, identifying previously produced documents, or indicating that the requested documents could not be located after a reasonable search.

45.     One of the produced emails is a series of communications beginning on December 31, 2019, which continue through to January 27, 2022 (the "Transfer Email"). Appx. 375-77. The top email in the chain is redacted for privilege, but none of the individual emails down the chain are produced, and while the emails appear to reference attachments, no attachments were provided in connection with the production. Appx. 375-77.

46.     The second email is a communication from Cathy Kincy to Goodman on May 12, 2022 which contains unidentified redactions and an apparent attachment titled "Letter of Explanation Share Purchase and Funds.pdf" (the "Kincy Email"). Appx. 378. The apparent

attachment was not produced in the production, and while it is likely the Kincy Email was produced in response to a request for documents related to a certain previously produced document, the Trustee has no way to verify this. Ms. Kincy is not an attorney, but instead the Debtor's former Chief Financial Officer, as well as the Chief Financial Officer of several other entities related to or affiliated with Goodman and the Debtor. Additionally, a redacted reference in the Kincy Email calls into doubt the full production of requested documents.

47.     Finally, the bank statements provided are from Goodman's personal bank account at BTH Bank for the periods ending March 15, 2022 through October 10, 2022 (the "BTH Statements"), with all of the transaction details, including the account balance information, redacted. The only exception is a $10,000,000.00 deposit on March 22, 2022 from 18920 NW 11th, LLC and a corresponding $5.00 wire transfer fee on the same day. Appx. 383-85.

48.     Request Number 23 to Goodman and Request Number 32 to JJC, People, and GDMN requested all of the referenced BTH Statements from January 1, 2022 to the present, with the following response provided by each of the 18920 Defendants:

> **REQUEST NO. 23 [to Goodman]**: All statements from January 1, 2022 to present for the "BTH account" referred to in the document produced at GOODMAN_A-1-00000329-30.

> **RESPONSE**: Responsive documents will be produced by December 13, 2024.

See Appx. 356. Request Number 24 to Goodman and Request Number 31 to JJC, People, and GDMN likewise requested all "Documents and Communications" showing where and to whom 18920 paid the Purchase Price, with the 18920 Defendants providing the same response. See Appx. 356.

49.     It would seem the request for documents indicating where and to whom the purchase price was paid was deemed satisfied by the provision of the requested BTH Statements.

---

However, the only discernible document produced that would be a "Communication" related to the same was the redacted email from Ms. Kincy, with no identifiable basis for the redactions on the same and which failed to produce the attached document.  Moreover, the BTH Statements fail to satisfy the time frame stated in the requests: the BTH Statements fail to provide documents that would include information beginning on January 1, 2022 and no documents that provide for a time frame after October 10, 2022, well short of statements up to the "present" as requested.

50.    Additionally, Request Number 25 to Goodman further requested the following documents and information, with Goodman providing the following response:

> **REQUEST NO. 25 [to Goodman]**:  All statements from January 1, 2022 to present for any and all bank and other financial accounts into which any portion(s) of the "Purchase Price" (as defined in the Purchase Agreements) was(were) initially or subsequently deposited.
>
> **RESPONSE**:  Responsive documents will be produced by December 13, 2024.

Appx. 356.

51.    Notably absent from the 18920 Defendant's production are additional bank or other financial account statements that would indicate where the Purchase Price was *subsequently* deposited.  The redactions on the BTH Statements render the information provided effectively useless for the purposes of anything other than verifying the funds were transferred to Goodman. Not only was the provision of the BTH Statements not objected to, the redactions on the BTH Statements make it impossible to determine whether Goodman's failure to provide additional documentation identifying the subsequent deposit of any funds received pursuant to Request Number 25 was willful, as the BTH Statements lack any information that could allow tracing of the funds deposited into or subsequently transferred out of the bank account.

52.     The 18920 Defendants offered no objection to the production of the BTH Statements or the Kincy Email, and Goodman offered no objection to Request Number 25, either on the basis of privacy, privilege, or relevance; thus, any such objection is waived.  *See Samsung Electronics*, 321 F.R.D. at 283-84.  Accordingly, the 18920 Defendants should be compelled to produce: 1) the unredacted BTH Statements, 2) additional BTH bank statements for the periods ending in January 2022, February 2022, and for the period of November 2022 onward, 3) any documents responsive to Request 25 to Goodman regarding subsequent deposits or transfers of the Purchase Price, and 4) the unredacted Kincy Email with the attachment.  Because the redacted Kincy Email makes reference to an additional communication transmitting the attachment, the Trustee likewise reserves his right to seek additional disclosure of documents in the event it becomes apparent that the remaining discovery requests were not fully responded to.

53.     Additionally, because the Transfer Email contains other individual emails with apparent attachments, but such emails and attachments have not been produced as instructed by the Trustee's requests, the 18920 Defendants should be compelled to produce the individual emails in the chain with their corresponding attachments.

54.     The issues in the 18920 Litigation are very similar to the Hudson Litigation. Enough so that the parties have consolidated both cases for pre-trial purposes.  The thrust of the Adversary Proceedings focus on the wrongful acts of the Debtor's directors and officers plundering the Debtor for their own benefit and in breach of their corresponding fiduciary duties.  As with the issues stated in the Hudson Defendants' responses above, there is no good faith basis for the incomplete disclosure of the information contained in the 18920 Defendants' production.  Such deficiencies in the production constitute an improper disclosure pursuant to Rule 37(a)(3)(B) and warrants this Court compelling the additional production.

## IV.    <u>REQUEST FOR SANCTIONS</u>

55.    There are two provisions which impose sanctions for improper discovery objections.  Both apply to the scenario at hand.  The first is found in Rule 26(g):

(1) ***Signature Required; Effect of Signature.***  Every . . . discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . .  By signing, an attorney . . . certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

* * *

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

* * *

(3) ***Sanction for Improper Certification.***  If a certification violates this rule without substantial justification, the court, on motion or on its own, **must** impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g) (emphasis added).  The second is Rule 37:

(3) ***Specific Motions.***

* * *

(B) ***To Compel a Discovery Response.***  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

* * *

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

* * *

(**4**) ***Evasive or Incomplete Disclosure, Answer, or Response***. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(**5**) ***Payment of Expenses; Protective Orders***.

(**A**) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(**i**) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(**ii**) the opposing party's nondisclosure, response, or objection was substantially justified; or

(**iii**) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(3)–(5) (emphasis added).

56.     Submitting the Production Objections in response to the Trustee's discovery requests violated the federal rules as well as *Heller* without substantial justification.  Likewise, the Defendants' refusal to comply upon receipt of, and upon the extension of response time, the Deficiency Letter was also without substantial justification.  Twice now the Trustee has had to file motions to compel discovery responses and production in the Adversary Proceedings, including once against the 18920 Defendants.  The Trustee has routinely provided ample time and opportunity to reasonably comply with and resolve discovery issues, but the Defendants continually fail to do so.

57.     Moreover, the Trustee has now had to file a motion to compel against Goodman in Adversary Proceeding No. 24-03039 for objections substantially similar to the Boilerplate Objection.  Similar to here, the Trustee offered an extension of time to respond to the identified

deficiencies in October, but no amended responses or documents were produced by Goodman. Goodman's routine abuses of the discovery process cannot persist.

58.     Further, the Court should award the Trustee his reasonable attorneys' fees incurred in preparing and prosecuting this Motion because the Trustee attempted in good faith to obtain an out of Court resolution to the discovery dispute.   FED. R. CIV. P. 37(a)(5)(A).   If the Court determines that an award of attorneys' fees is appropriate, the Trustee respectfully requests that the Court set a further hearing for the Trustee to prove up his reasonable attorneys' fees.

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order granting the Motion and providing the Trustee such other and further relief to which he may be justly entitled at law or in equity.

RESPECTFULLY SUBMITTED this 16th day of January, 2025.

**MUNSCH HARD KOPF & HARR, P.C.**

*/s/ Conor P. White*
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
Conor P. White
Texas Bar No.
500 N. Akard St., Ste. 4000
Dallas, Texas 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com
cwhite@munsch.com

**COUNSEL FOR SCOTT M. SEIDEL,
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred in good faith with counsel for Goodman, GIH, Genesis, GDMN, People, and JJC–Anna MacFarlane–prior to the filing of this Motion.

*/s/ Conor P. White*
Conor P. White

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of January, 2025, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Goodman, GIH, Genesis, GDMN, People, and JJC through Randy Pulman and Anna MacFarlane, their counsel of record.

*/s/ Conor P. White*
Conor P. White