Randall A. Pulman
State Bar No. 16393250
Kerry S. Alleyne-Simmons
State Bar No. 24066090
**PULMAN, LEFLORE, PULLEN & REED, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
kalleyne@pulmanlaw.com

**COUNSEL FOR THE GOODMAN DEFENDANTS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 22-31641-MVL-7 |
| § | | |
| GOODMAN NETWORKS, INC., § | | |
| DEBTOR. § | | CHAPTER 7 |
| | | |
| SCOTT M. SEIDEL, TRUSTEE, § | | |
|     PLAINTIFF § | | |
| § | | |
| V. § | | |
| § | | |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC; § | | ADVERSARY NO. 23-03090-MVL |
| ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. § | | |
| AUERBACH; JUDITH AUERBACH; AUERBACH § | | |
| PARTNERS, L.P.; JAMES GOODMAN; JAMES § | | |
| FRINZI; GOODMAN INVESTMENT HOLDINGS, § | | |
| LLC; GENESIS NETWORKS, INC.; GENESIS § | | |
| NETWORKS GLOBAL SERVICES, LLC; § | | |
| AUERBACH CHILDREN'S DYNASTY TRUST U/A/D § | | |
| OCTOBER 9, 2012; AND AUERBACH FAMILY § | | |
| DYNASTY TRUST U/A/D OCTOBER 9, 2012 § | | |
|     DEFENDANTS § | | |

**CROSS-CLAIMANT GOODMAN INVESTMENT HOLDINGS, LLC'S RESPONSE
TO CROSS-DEFENDANTS ALLIANCE TEXAS HOLDINGS, LLC AND NEIL Z.
AUERBACH'S MOTION TO DISMISS [RELATING TO ADV. DKT. NO. 96]**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Cross-Claimant Goodman Investment Holdings, LLC ("**GIH**") files this *Response to*

1

4934-0619-4462, v. 4

*Cross-Defendants Alliance Texas Holdings, LLC and Neil Z. Auerbach's Motion to Dismiss* [Adv. Dkt. 96] (the "**Motion to Dismiss**"), respectfully showing the Court the following:

## I.     BACKGROUND

1. As of February 2022, GIH held and owned $30,146,617 in face amount of 8.000% Senior Secured Notes due 2022 of Goodman Networks, Inc. ("**GNI Bonds**"). James E. Goodman, on behalf of GIH, entered into an agreement to sell the GNI Bonds to Alliance Texas Holdings, LLC ("**Alliance**") and Neil Z. Auerbach ("**Auerbach**"). That transaction and the underlying Bond Purchase Agreement ("**Bond Agreement**") form the basis for GIH's Crossclaim, as laid out in GIH's First Amended Crossclaim. *See* Adv. Dkt. 113.

2. On September 6, 2022, various creditors filed an involuntary petition against Goodman Networks, Inc., initiating the Bankruptcy Case. The Court entered an order for relief on December 12, 2022.

3. The Trustee filed his Original Complaint in this Adversary Proceeding on November 7, 2023. *See* Adv. Dkt. 1.

4. On December 20, 2024, GIH filed its Original Crossclaim against Alliance and Auerbach. *See* Adv. Dkt. 85. On January 30, 2025, Alliance and Auerbach filed a Motion to Dismiss.[1] GIH subsequently filed its First Amended Crossclaim on February 20, 2025.[2] *See* Dkt. No. 113. A redline version of the First Amended Crossclaim compared against the Original Crossclaim is attached hereto as <u>Exhibit A</u>.

---

[1] Auerbach and Alliance attempted to file a Motion to Dismiss on January 10, 2025, but the motion was improperly filed and the clerk rejected it. *See* Adv. Dkt. 86 and 96.

[2] Pursuant to FRCP 15(a)(1)(B), made applicable to this proceeding by FRBP 7015, the First Amended Crossclaim is proper because Alliance Texas Holdings, LLC's and Neil Z. Auerbach's Motion to Dismiss the Crossclaim was filed and served on January 30, 2025, and the First Amended Crossclaim was filed within 21 days of that filing.

5. GIH requests that the Court deny the Motion to Dismiss as moot because the First Amended Crossclaim rendered the Original Crossclaim null, and a motion to dismiss on a null pleading is moot. Additionally, the First Amended Crossclaim cured the issues raised by Alliance and Auerbach.

## II.     LEGAL AUTHORITY

6. Motions to dismiss under FRCP 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). At this stage, the pleadings are to be liberally construed and all facts pleaded in the Crossclaim must be taken as true. *Id.* All reasonable inferences should be drawn in the nonmoving party's favor. *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019).

7. Additionally, in accordance with well-established legal principles, Courts have routinely held that an amended filing supersedes, and makes a nullity of, the original filing. *See, e.g., Gaynor v. United States*, 150 Fed. Cl. 519, 527 n.10 (2020) ("an amended pleading supersedes the original"); s*ee also In re Waggoner Cattle, LLC*, No. 18-20126-RLJ-11, 2019 WL 4732378, at *2 (Bankr. N.D. Tex. Sept. 26, 2019) ("Because it relates to the analysis here, and because the amended complaint supersedes the claims contained in the original complaint, the Court considers the allegations made by the amended complaint.").

8. Emphasizing this legal point further, Courts have repeatedly held that an amended pleading renders the original pleading of no legal effect unless the amended pleading specifically refers to, and adopts or incorporates by reference, the earlier pleading. *See* e.g. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by references the earlier pleading."); *see also Swanson v. Perez*, 250 Fed. Appx. 596,

597 (5th Cir. 2007).

9. Because an amended pleading renders its predecessor null, motions filed on the basis of a prior pleading are moot. *See, e.g., Griffin v. Am. Zurich Ins. Co.*, 697 Fed. Appx. 793, 797 (5th Cir. 2017), as revised (June 8, 2017) (An "amended complaint render[s] all earlier motions…moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot.").

10. In the context of a motion to dismiss, courts in the Fifth Circuit will look at whether the amended pleading cures the defects alleged by the motion to dismiss. *See Stevens v. St. Tammany Par. Gov't*, No. CV 20-928, 2020 WL 4219638, at *4 (E.D. La. July 23, 2020) (collecting cases establishing that a motion to dismiss is moot if the amended pleading cures the alleged defects).

### III. ARGUMENT AND AUTHORITIES

11. In the instant case, Alliance and Auerbach have asked the Court to dismiss the Crossclaim under FRCP 12(b)(6) and FRCP 9(b). However, under the applicable case law, the Motion to Dismiss is moot since GIH has filed its First Amended Crossclaim. The First Amended Crossclaim renders the Original Crossclaim null and void and of no legal consequence, which in turn renders any motions based on the Original Crossclaim moot. Further, the First Amended Crossclaim cures the defects that Alliance and Auerbach raised in their Motion to Dismiss. Finally, as to the claim of breach of contract, the factual allegations are sufficient to survive a motion under FRCP 12(b)(6).

4934-0619-4462, v. 4

**A.  The First Amended Crossclaim Superseded and Nullified the Original Crossclaim, Rendering the Motion to Dismiss Moot.**

12. GIH filed its First Amended Crossclaim on February 20, 2025. *See* Adv. Dkt. No. 113. Under the applicable case law cited above, the filing of the First Amended Crossclaim has nullified the Original Crossclaim and retracted any legal effect that the earlier pleading had. Moreover, the First Amended Crossclaim *did not* refer to, adopt, or incorporate by reference the earlier pleading, which is a necessary component of, and a prerequisite for, the earlier pleading to continue having any legal effect. *See* Adv. Dkt. No. 113. Any pending motions based on the prior pleadings should be moot as a matter of law.

**B.  The First Amended Crossclaim Cured Any Alleged Defects in the Original Crossclaim.**

13. In their Motion to Dismiss, Alliance and Auerbach allege that the Original Crossclaim failed to comply with FRCP 9 and the Private Securities Litigation Reform Act ("PSLRA"). As a threshold matter, the heightened pleading standards of the PSLRA only apply to Claim 2 of the Crossclaim. The PSLRA does not apply to state law claims, including claims that arise under state common law. *See Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 213 (5th Cir. 2009). Nevertheless, out of an abundance of caution, GIH has pled all fraud claims in compliance with the PSLRA.

14. In particular, GIH's First Amended Crossclaim added paragraphs 12, 15, and 21 (and related footnotes) to specifically plead Auerbach's liability for the statements made by Alliance and to specifically allege his scienter and the facts on which GIH formed its belief in his scienter. These paragraphs were incorporated by reference into Claims 1, 2, and 3. *See* Exhibit A.

15. GIH's First Amended Crossclaim added paragraphs 20 and 22 to specifically allege Alliance's scienter with greater particularity. Various footnotes were added to clarify the facts on

5

which GIH relied for its belief in Alliance's fraudulent conduct and scienter.

16. Additional clarifications were made throughout the First Amended Crossclaim to clarify which facts applied to Alliance, Auerbach, or both jointly via Auerbach's signature on the relevant documents. The Crossclaim now includes what each party said that GIH alleges was fraudulent, when it was said (at the time of the signing of relevant documents), to whom it was said (to GIH through the relevant documents), and the specific states of mind for Auerbach and Alliance at the time of such statements (intent to deceive or, in the alternative, an extreme departure from the standards of ordinary care).

C. **Breach of Contract was Sufficiently Pled**

17. Alliance and Auerbach allege that GIH has failed to properly plead a claim for breach of contract under state law. As clarified in the First Amended Crossclaim, this claim is only brought against Alliance. Under Texas law, GIH must show that a valid contract existed, that GIH performed or attempted to perform under the contract, that Alliance breached the contract, and that GIH sustained damages as a result of the breach. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009).

18. Alliance has not alleged that there was not a valid contract, nor has it alleged that GIH did not sustain damages.

19. Alliance stated that GIH did not plead that it performed under the contract. This is incorrect. In both the Original Crossclaim and the First Amended Crossclaim, GIH has plead that it "fully performed its obligations under the Bond Agreement." *See* Adv. Dkt. 113 at 35; Adv. Dkt. 85 at 27.[3]

---

[3] GIH notes that it is NOT incorporating the Original Crossclaim by this reference. GIH is only pointing out that this allegation exists in both the operative pleading and its predecessor.

20. Alliance further stated that the allegations of breach fail as a matter of law. GIH need not engage in discussion over whether Alliance technically used its own funds.[4] At this stage, it is enough that Alliance represented that it was only purchasing the GNI Bonds for investment purposes when, in fact, it *immediately* sought to redeem the GIN Bonds against Goodman Networks, Inc. Clearly, Alliance did not purchase the GNI Bonds for investment purposes.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Claimant GIH prays that this Court denies Alliance and Auerbach's Motion to Dismiss on the basis of mootness and for such other and further relief as it may show itself to be justly entitled.

Dated: February 20, 2025   Respectfully Submitted,

By: /s/Randall A. Pulman
Randall A. Pulman
Texas State Bar No. 16393250
rpulman@pulmanlaw.com
Kerry S. Alleyne-Simmons
Texas State Bar No. 24066090
kalleyne@pulmanlaw.com
**PULMAN, LEFLORE, PULLEN & REED LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

---

[4] However, GIH continues to maintain that Alliance did not use its own funds in every materially relevant sense of that phrase.

4934-0619-4462, v. 4

**C**ERTIFICATE OF **S**ERVICE

  The undersigned certifies that on February 20, 2025, the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                */s/Randall A. Pulman*_____
                Randall A. Pulman