Randall A. Pulman
State Bar No. 16393250
Kerry S. Alleyne-Simmons
State Bar No. 24066090
**PULMAN, LEFLORE, PULLEN & REED, LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
kalleyne@pulmanlaw.com

**COUNSEL FOR THE GOODMAN DEFENDANTS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-31641-MVL-7 |
| | § | |
| GOODMAN NETWORKS, INC., | § | |
| DEBTOR. | § | CHAPTER 7 |
| | | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
|     PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | |
| HUDSON CLEAN ENERGY ENTERPRISES, LLC; ALLIANCE TEXAS HOLDINGS, LLC; NEIL Z. AUERBACH; JUDITH AUERBACH; AUERBACH PARTNERS, L.P.; JAMES GOODMAN; JAMES FRINZI; GOODMAN INVESTMENT HOLDINGS, LLC; GENESIS NETWORKS, INC.; GENESIS NETWORKS GLOBAL SERVICES, LLC; AUERBACH CHILDREN'S DYNASTY TRUST U/A/D OCTOBER 9, 2012; AND AUERBACH FAMILY DYNASTY TRUST U/A/D OCTOBER 9, 2012     DEFENDANTS | § | ADVERSARY NO. 23-03090-MVL |

**DEFENDANT GOODMAN INVESTMENT HOLDINGS, LLC'S
SECOND AMENDED CROSSCLAIM AGAINST ALLIANCE TEXAS HOLDINGS, LLC**

COMES NOW Defendant Goodman Investment Holdings, LLC ("**GIH**" or "**Cross-Claimant**") and files this, its Second Amended Crossclaim against Alliance Texas Holdings, LLC ("**Alliance**" or "**Cross-Defendant**").

1

4925-6502-9148, v. 5

## I. INTRODUCTION

1. In late 2021, J.E. Goodman was contacted by James Frinzi regarding Goodman Networks, Inc. bonds owned by GIH. Frinzi informed J.E. Goodman that Niel Z. Auerbach ("**Auerbach**"), whom Frinzi represented to be an independent third party, wished to purchase the bonds from GIH. J.E. Goodman spoke on a couple of occasions with Auerbach and eventually entered into an agreement whereby Auerbach's company, Alliance, would purchase Goodman Networks, Inc. bonds from GIH and Genesis Networks Global Services, LLC ("**Genesis**"). The transaction was documented between counsel for each side.

2. The Bond Purchase Agreement that memorialized the sale of the bonds by GIH contained representations from Alliance that the Goodman Networks, Inc. bonds would be purchased for investment purposes and not for resale and that Alliance was not receiving any compensation or fees with respect to the transaction. In violation of those representations, Alliance immediately redeemed the bonds against Goodman Networks, Inc. and, on information and belief, took a $5.9 million fee on the transaction.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this Crossclaim under 28 U.S.C. § 1334.

4. Venue of this Crossclaim is proper before this Court under 28 U.S.C. § 1409.

## III. PARTIES

5. GIH is a limited liability company organized and existing under the laws of the State of Texas.

6. Alliance is a limited liability company organized and existing under the laws of the State of Florida. It has appeared herein and may be served through its counsel.

4925-6502-9148, v. 5

### IV. FACTS

7. As of February 2022, GIH held and owned $30,146,617 in face amount of 8.000% Senior Secured Notes due 2022 of Goodman Networks, Inc. ("**GNI Bonds**"). Frinzi approached J.E. Goodman and informed him that he knew an independent third party who was interested in purchasing the Bonds. That third party was Auerbach. J.E. Goodman had never done business before with Auerbach and has not done business with him since this transaction.

8. J.E. Goodman spoke with Auerbach, each hired counsel, and eventually GIH, Genesis, and Alliance entered into a Bond Purchase Agreement dated February 3, 2022 ("**Bond Agreement**") whereby Alliance would purchase from GIH $30,146,617 in face amount of GNI Bonds ("**GIH GNI Bonds**") for $10,570,912.00. Auerbach executed the Bond Agreement on behalf of Alliance. J.E. Goodman executed the Bond Agreement on behalf of GNI.

9. In the Bond Agreement, Alliance represented to GIH that Alliance was "acquiring the Purchased GNI Bonds solely for [its] own beneficial account, for investment purposes, and not with a view to, or for resale in connection with, any Distribution of the Purchased GNI Bonds." (*See* Exhibit A at 5(b)(vii)). Alliance further represented that it was "acting for its own account" (*Id.* at 5(a)(iv)) and not "receiving any compensation or fees in respect of the specific transactions contemplated in this Agreement." *Id.* at 5(a)(v).

10. Upon information and belief, Auerbach participated in communications with Max Klein, John Mcmullan, and Shalom Auerbach evidencing his intention to immediately redeem the GIH GNI Bonds, a violation of what Alliance had represented in the Bond Agreement.[1] No officer of GIH was privy to these communications.

---

[1] The Trustee represents these communications occurred in the Complaint at Paragraphs 63-64.

11. Upon information and belief, after purchasing the GIH GNI Bonds from Cross-Claimant, Alliance redeemed the GIH GNI Bonds with Goodman Networks, Inc.[2] Upon information and belief, Alliance intended prior to entering into the Bond Agreement to dispose of the GIH GNI Bonds in this manner.[3] Upon information and belief, Cross-Defendants charged a premium of $5.9 million for facilitating the transaction.[4]

12. The now disclosed fact that the Debtor funded this transaction has triggered a series of lawsuits against Cross-Claimant filed by the Trustee and FedEx Supply Chain Logistics & Electronics, Inc. The Trustee has brought suit seeking to avoid these transactions and Cross-Claimant is at significant risk of a damages claim for the proceeds of the transactions.

## V.    Cause of Action

13. Cross-Claimant repeats the factual allegations above and incorporates them by reference into each of the claims below.

**Claim 1: Breach of Contract**

14. Cross-Claimant asserts a claim for breach of the Bond Agreement, which is a valid and binding agreement between Cross-Claimant and Alliance.

15. Under Texas law, in order to bring a claim for breach of contract, GIH must allege that a valid contract existed, that GIH performed or attempted to perform under the contract, that Alliance breached the contract, and that GIH sustained damages as a result of the breach. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009).

---

[2] The Trustee, who has access to Goodman Networks's financials, alleges this redemption occurred in the Complaint at 57-59.
[3] The transfer of funds from Goodman Networks, Inc., occurred on the same day that Auerbach signed the Bond Agreement. It strains credulity to imagine this was not a premeditated action.
[4] As the Trustee notes, approximately $5.9 million is directed to Auerbach Partners, L.P., in the unsigned Funds Flow Memorandum that was discussed only by employees of Hudson Clean Energy Enterprises, LLC, Shalom Auerbach, and Neil Auerbach. Complaint at 63-64.

16. Cross-Claimant has fully performed its obligations under the Bond Agreement. Namely, GIH transferred $30,146,617 face value in bonds to San Blas Securities, LLC on February 10, 2022. San Blas Securities, LLC conveyed these bonds to Alliance no later than April 13, 2022.

17. Alliance materially breached the Bond Agreement by (1) violating the representation that Alliance was purchasing the GIH GNI Bonds for investment purposes, (2) violating the representation that Alliance was acting for its own account, and (3) violating the representation that Alliance was not receiving any compensation or fees for the transaction.

18. In fact, Alliance redeemed the GIH GNI Bonds on the same day as it purchased them, indicating that the GIH GNI Bonds were *not* purchased for investment purposes. On information and belief, Alliance was not acting for its own account. Further, on information and belief, Alliance received a $5.9 million fee when it redeemed the bonds against the Debtor.

19. Alliance's breaches of the contract proximately caused Cross-Claimant damages. Had Alliance been acting for its own account and had it acquired the bonds for investment purposes, GIH would not be subject to litigation in this adversary proceeding. Instead, Alliance would receive a distribution from the estate as monies are collected by the indenture trustee, UMB Bank, N.A., and the collateral agent, U.S. Bank National Association.

20. Had Alliance not taken a fee on the transaction, GIH would not be exposed to potential liability for the $5.9 million that Alliance allegedly took as a fee.

21. Cross-Claimant is thus entitled to recover from Alliance all actual damages, plus pre-judgment and post-judgment interest, costs, and attorneys' fees and expenses.

**JURY DEMAND**

Cross-Claimant demands a trial by jury on all claims to which it is entitled to a Jury.

4925-6502-9148, v. 5

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Goodman Investment Holdings, LLC requests that Neil Z. Auerbach and Alliance Texas Holdings, LLC be cited to appear and to answer this Crossclaim and that it has judgment as follows:

a. money judgment against Cross-Defendants, jointly and severally, actual economic damages

b. exemplary damages in accordance with Chapter 41 of the Texas Civil Practice and Remedies Code as Plaintiffs' damages arose from Cross-Defendants' fraud and/or malice

c. pre- and post-judgment interest to the extent provided for by applicable law;

d. reasonable and necessary attorneys' fees and court costs provided for by applicable law; and

e. such other and further relief as may be appropriate.

Dated: March 17, 2025

Respectfully submitted,

**PULMAN, LEFLORE, PULLEN & REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: /s/Randall A. Pulman
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Kerry S. Alleyne-Simmons
    Texas State Bar No. 24066090
    kalleyne@pulmanlaw.com

**ATTORNEYS FOR CROSS-CLAIMANT
GOODMAN INVESTMENT HOLDINGS, LLC**

4925-6502-9148, v. 5

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 17, 2025, the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*/s/Randall A. Pulman*
Randall A. Pulman

4925-6502-9148, v. 5