**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne (SBN 24055256)
Joseph W. Golinkin II (SBN 24087596)
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
Telephone: 713.955.4028

*Counsel for Alliance Texas Holdings, LLC*


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| In re:<br><br>GOODMAN NETWORKS, INC.<br>   *Debtor.* | Chapter 7<br>Case No. 22-31641-mvl-7 |
| SCOTT M. SEIDEL, TRUSTEE; and<br>GNET ATC, LLC<br>   *Plaintiffs,*<br><br>v.<br><br>HUDSON CLEAN ENERGY<br>ENTERPRISES, LLC; AUERBACH<br>PARTNERS TEXAS HOLDINGS, LLC;<br>NEIL Z. AUERBACH; JUDITH<br>AUERBACH; AUERBACH PARTNERS,<br>L.P.; JAMES GOODMAN; JAMES<br>FRINZI; GOODMAN INVESTMENT<br>HOLDINGS, LLC; GENESIS<br>NETWORKS, INC.; GENESIS<br>NETWORKS GLOBAL SERVICES, LLC;<br>AUERBACH CHILDREN'S DYNASTY<br>TRUST U/A/D OCTOBER 9, 2012; and<br>AUERBACH FAMILY DYNASTY<br>TRUST U/A/D OCTOBER 9, 2012,<br>   *Defendants.* | Adversary Proceeding No.<br>23-03090-mvl |

### ALLIANCE TEXAS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Alliance Texas Holdings, LLC ("Alliance") files this Reply in Support of its Motion to Dismiss Defendant Goodman Investment Holdings, LLC's ("GIH") Second Amended Crossclaim under Rule 12 of the Federal Rules of Civil Procedure.

## I.    ARGUMENT

GIH's Response confirms what is clear on the face of the pleadings: GIH's breach of contract claim fails because its Complaint does not allege any actual breach of the Alliance Purchase. GIH claims Alliance breached the Alliance Purchase by "(1) violating the representation that Alliance was purchasing the GIH . . . Bonds for investment purposes, (2) violating the representation that Alliance was acting for its own account, and (3) violating the representation that Alliance was not receiving any compensation or fees for the transaction." (GIH 2d Am. Cross-cl. ¶ 17.) None of the factual assertions in support of these alleged "violations," even if true, constitute a breach of the Alliance Purchase, and GIH's response highlights this fact.

First, GIH seems to concede in its response that Alliance's redemption of the Bonds could be allowed under the provision of the Alliance Purchase in which Alliance represents that it is "acquiring the Purchased [GIH] Bonds solely for [Alliance]'s own beneficial account, for investment purposes, and not with a view to, or for resale in connection with, any Distribution of the Purchased GNI Bonds." (GIH 2d Am. Cross-Cl., Ex. A at 5(b)(viii).)  GIH argues Alliance breached the Alliance

Purchase because it "redeem[ed] [the] bonds within days of acquiring said bonds," but the contract does not limit or otherwise regulate the *timing* of redemptions.   Resp. at 3–4.   Put differently, there is nothing in the plain language of the provision that prohibits Alliance from redeeming the Bonds for a certain number of days.   Moreover, the plain language of the contract does not prohibit redemption of the Bonds.   Alliance was entitled to rely on this plain language in determining next steps, and GIH should not be permitted to modify its meaning after the fact.   Alliance's redemption of the Bonds does not constitute a breach of the contract.

Second, GIH's suggestion that Alliance breached the provision because it was not "acting for its own account" when it redeemed the bonds also does not save its claim.   GIH's fundamental problem with this argument, which it does not and cannot correct in its Response, is that the provision does not prohibit Alliance from coordinating payment for the Bonds with an affiliate, the only wrongdoing that GIH alleges.   The point of this provision is to establish that this is an arms-length transaction, and that GIH and Alliance are not acting on behalf of each other, not that Alliance is prohibited from coordinating payment with an affiliate.   It follows that GIH has not alleged a viable breach of this provision.

Third, GIH claims a breach based on a provision that provides that "[n]either party is receiving any compensation or fees in respect of the specific transactions contemplated in this Agreement[.]" (GIH 2d Am. Cross-cl., Ex. A at 5(a)(v).)   But GIH alleges no fact to show breach of this provision.   Even in its response, it does not allege any facts supporting a claim that Alliance received a "fee"

for the Alliance Purchase.  Instead, GIH simply suggests (without explaining why) that Alliance somehow breached the Alliance Purchase because it redeemed the bonds for more than it paid for them.  That may well have been a good deal, but it is unequivocally not a breach of this provision of the contract. In short, GIH's response does not alleviate the underlying deficiencies in its breach of contract claim against Alliance.

Finally, in its response, GIH attempts to remediate its complete failure to allege damages in support of the claimed breaches of the contract.  The damage it alleges is its involvement in this lawsuit. Resp. at 5–6.  If anything, that could only relate to GIH's claim that Alliance was not permitted to redeem the Bonds for some unidentified amount of time.  This has nothing to do with the allegation that Alliance was not operating on "its own account" or that it received a "fee" as part of the Alliance Purchase. Damages must arise out of the alleged breach.  Even if GIH is found to have remediated the damages issue in its response on the first claimed breach, it certainly did not do so for the other two.

## II.        CONCLUSION

For the reasons set forth above and in its motion, GIH's breach of contract claim and the allegations in support do not comport with the law and are not sufficient to support the claim.  Alliance respectfully asks the Court to dismiss GIH's breach of contract claim and award any such further and other relief to which it may be entitled.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *s/ Jeb Golinkin*
    Michael Cancienne
    State Bar No. 24046330
    Joseph ("Jeb") W. Golinkin II
    State Bar No. 24087596
    1980 Post Oak Blvd., Ste. 2300
    Houston, Texas 77056
    713-955-4020 (Telephone)
    713-955-9644 (Fax)
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

    ATTORNEYS FOR ALLIANCE TEXAS
    HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

    */s/ Jeb Golinkin*
    Joseph W. Golinkin II